Balcom, J.
Judgment was regularly entered in this action against the defendant Garret S. Mott, upon his failure to answer the complaint for $198,000.87 damages, beside costs, on the 5th day of November last, which judgment authorized the plaintiff to issue execution for the collection of such damages and costs, as well against the body of such defendant as against his property. An execution against his property was issued upon the judgment to the sheriff of this county, but afterwards, on the 11th day of November, such defendant obtained leave from the court to serve an answer to the plaintiff’s complaint within ten days, and to proceed with his defence in the action upon payment to the plaintiff’s attorney of $22.50 costs, and also the fees of the sheriff upon the execution. The court *151 then further ordered that the judgment stand as security for the alleged indebtedness of the defendant Garret S. Mott to the plaintiff.
An order for the arrest of both defendants was granted .prior to the entry of the judgment; but the defendant Garret S. Mott was not arrested on it. But after he obtained leave to answer the complaint and- defend the action, an order was granted for his arrest by one of the justices of this court, bearing date the 8th day of December instant, and he has been arrested upon this order, and is now in prison by reason of his failure to procure bail in the sum of $142,000, and he will probably be confined in jail a year or two unless he can procure bail in that sum, or get the order authorizing his arrest vacated. His counsel now moves to vacate such order, on the ground that the affidavits were insufficient to authorize the same, and that no order for his arrest could be made after the entry of the judgment against him.
I think the affidavits were sufficient to authorize the order (see 6 Abbotts’ Pr. R., 315). The only other question to be determined, therefore, is, whether the judgment estopped the plaintiff from procuring such order. The language of the Code is that the order of arrest “ may be made to accompany the summons, or at any time before judgment.” (Code, § 183.) I think the order for the arrest of both' defendants, which was granted prior to the entry of the judgment, cannot be resorted to for upholding the one in question. The first order expired without being executed against Garret S. Mott, and so far as this motion is concerned, it may be laid out of view.
I am inclined to the opinion that the judgment which estops the plaintiff from procuring an order for the arrest of the defendant under the Code, is the final judgment recovered in the action ; that it must be absolute and unconditional. And such was the character of the judgment when entered in this action; but it was changed upon the motion of Garret S. Mott, from a final one to a mere security for his alleged indebtedness to the plaintiff. Should he be beaten upon the issues formed by his answer, no execution could be issued on such judgment until the plaintiff failed to collect, by due course of law, the judgment that would be entered on the finding upon those issues, and not then without leave of the court.
*152 Garret S. Mott obtained leave, as matter of favor, to defend the action after judgment had been regularly entered against him. The court had power to impose the condition on him of giving the plaintiff a mortgage to secure his alleged indebtedness, upon permitting him to defend; but instead of doing so, and setting aside the judgment absolutely, the court changed its character as above stated, and he is now defending the action as fully and perfectly as he could have defended it if no judgment had been entered therein. I think it would be unjust to the plaintiff now to hold that the judgment cut off the right to arrest him. And I am of the opinion the judgment should be deemed vacated or set aside, so far as it affected the right of the plaintiff to obtain the order of arrest. If Garret S. Mott should now give bail, the undertaking would not be conditioned that he should render himself amenable to such process as may be issued to enforce the judgment heretofore rendered in the action, but to such as may be issued to enforce the judgment therein if one should be recovered in favor of the plaintiff. (Code, § 187.) His bail would not be obliged to surrender him upon any execution that should be issued on the judgment already entered against him, or upon any prócess or order issued for the enforcement of that judgment.
My conclusion is, that the motion to vacate the order of the 8th of December, on which Garret S. Mott has been arrested, should be denied, with $10 costs.