LEON G. DODGE and Others, Plaintiffs, *v.* LILLIAN CAMPBELL (Calling Herself MARY ALEXANDER DODGE) and Others, as Administrators, etc., of BYRON G. DODGE, Deceased, Defendants.

Supreme Court, Rensselaer County, February 25, 1927.

**Husband and wife — validity of foreign divorce — full faith and credit will be given to Pennsylvania decree in action by husband, where he was resident of Pennsylvania at time of commencement of action — fact that wife removed to this State prior to commencement of action does not oust Pennsylvania court of jurisdiction where she appeared and answered — withdrawal of answer by wife and removal of husband to this State prior to decree does not affect jurisdiction — false testimony by husband does not affect validity of decree — dissolution of marriage — courts of this State have no jurisdiction of proceeding under Domestic Relations Law, § 7-a, when both parties are non-residents — order dissolving marriage void — marriage subsequent to invalid dissolution, void — after death of husband, declaratory judgment determining rights of parties granted — complaint of first wife dismissed with direction that remaining plaintiffs, children of first marriage, serve amended complaint, eliminating allegations as to Pennsylvania divorce.**

Full faith and credit will be given to a decree of divorce, granted by the courts of Pennsylvania, in an action instituted by a husband, who was a resident at the time the action was commenced, though prior to the commencement of the action the wife had taken up a residence in this State but was served by publication and appeared and filed an answer. The fact that before the decree was granted, the wife was permitted to withdraw her appearance and answer, and the further fact that her husband was a resident of this State at the time the decree was granted, neither affects the jurisdiction of the Pennsylvania court nor warrants the refusal of this court to recognize the decree of that court; jurisdiction once acquired is not lost by the facts stated herein.

False testimony by the husband as to his residence several years after the institution of the divorce action is immaterial, in so far as jurisdiction is concerned, and the fact that he gave false testimony in relation to the separation from his wife is likewise immaterial, for the attack on the divorce decree is collateral.

The courts of this State have no jurisdiction of a proceeding instituted by a wife under section 7-a of the Domestic Relations Law to dissolve a marriage, where both the parties thereto are residents of another State; consequently, the subsequent marriage of the husband in the Pennsylvania action to a resident of Pennsylvania, after the alleged dissolution of her prior marriage, under section 7-a of the Domestic Relations Law, while she and her prior husband were non-residents, is absolutely void.

Accordingly, the said husband, having died leaving considerable property, a declaratory judgment may be granted determining the rights of the parties, since it appears that there is an actual controversy between them, that the facts are such that immediate relief can be given, and that the matters in dispute can be settled in one proceeding.

However, the complaint of the first wife must be dismissed, inasmuch as she is precluded from maintaining her action by reason of the Pennsylvania divorce; the complaint of the other plaintiffs, children of the first marriage, must be amended so that it will not recite allegations concerning the Pennsylvania divorce.

MOTION by defendants for dismissal of amended complaint as to all plaintiffs on the ground that it does not state facts sufficient to constitute a cause of action.

*Heaton & Mambert,* for the plaintiffs.

*Frederick E. Draper,* for the defendants.

STALEY, J.   The action is one in which plaintiffs seek to secure a declaratory judgment determining the relationship of Anna S. Dodge and Mary A. Dodge (formerly Lillian Campbell) to Byron G. Dodge, deceased, who left a large amount of real and personal property.

The complaint alleges the death of Byron G. Dodge, intestate, and the appointment of Mary A. Dodge and the National City Bank of Troy as administratrix and administrator of his estate.

In substance, plaintiffs allege that Byron G. Dodge married the plaintiff Anna S. Dodge in Vermont in 1877, and that the other parties plaintiff are the children of this marriage.   Plaintiff Anna S. Dodge and Byron G. Dodge removed to Pennsylvania after their marriage where they lived together as man and wife until 1904, whereupon they separated by mutual consent under a separation agreement.   It is alleged that the separation was brought about by reason of the meretricious relations existing between Byron G. Dodge and Mary A. Dodge (then known as Lillian Campbell).

In 1910 Byron G. Dodge commenced an action for divorce, in Pennsylvania against Anna S. Dodge on the ground of desertion. Anna S. Dodge did not then reside in Pennsylvania.   She was served with process by publication, but appeared and filed an answer to the libel in the divorce action.   This action remained pending undetermined until 1921, when, by permission of the court, Anna S. Dodge withdrew her appearance and answer and a decree of divorce was granted to Byron G. Dodge.

In 1917 Byron G. Dodge left Pennsylvania for New York, where he resided until his death in 1925.

Plaintiffs allege that the Pennsylvania decree is of no force or effect in this State, on the ground that the Pennsylvania court was without jurisdiction to grant it.   It is further alleged that at the time of the making of the decree, Byron G. Dodge testified falsely as to his residence and domicile being in the State of Pennsylvania, and as to the facts concerning his separation from Anna S. Dodge.

Upon these allegations plaintiffs claim that the Pennsylvania divorce is invalid, and that Anna S. Dodge is the widow of Byron G. Dodge.

The plaintiffs further claim that Mary A. Dodge (formerly known as Lillian Campbell) was never lawfully married to Byron G.

Dodge, in that she had a former husband living at the time of her marriage to Byron G. Dodge.

In this connection, plaintiffs allege that in 1893 Lillian Campbell (now known as Mary A. Dodge) was married to John F. Campbell in Pennsylvania and that they were residents or citizens or domiciled as man and wife in that State.

In 1924 said Lillian Campbell began a proceeding in this State under section 7-a of the Domestic Relations Law (as added by Laws of 1922, chap. 279), in which proceeding her marriage with John F. Campbell was dissolved. Subsequently she and Byron G. Dodge joined in a marriage ceremony performed in this State. It is alleged that she practiced a fraud upon the court in falsely testifying to her residence in this State, and that she was not a resident or citizen of this State, and that she also testified falsely as to the diligence she used to locate the whereabouts of John F. Campbell.

The defendants in attacking the complaint have raised a number of questions, whereby they claim that the defendant Mary A. Dodge or Lillian Campbell is the widow of Byron G. Dodge even assuming the truth of all the facts alleged in the complaint.

These questions I will discuss in the order in which they have been presented.

1. The plaintiffs rely upon the alleged invalidity of the Pennsylvania decree to sustain the claim of Anna S. Dodge that she is the widow of Byron G. Dodge. This decree is attacked on the ground that it was obtained by publication; that Anna S. Dodge was not a resident of Pennsylvania at the time of the commencement of the action; and that Byron G. Dodge at the time the decree of divorce was granted was not a resident of Pennsylvania and that he testified falsely as to his residence and the alleged desertion by Anna S. Dodge.

The validity of the divorce obtained in Pennsylvania appears from the complaint. Pennsylvania was the matrimonial domicile of Byron G. Dodge and Anna S. Dodge at the time of their separation. Dodge did not leave Pennsylvania until 1917. The divorce action was commenced in 1910. Anna S. Dodge was then a resident of the State of New York. She left Pennsylvania sometime between 1904, when the parties separated, and 1910. Pennsylvania was, therefore, the matrimonial domicile of the parties at the time of the commencement of action for divorce. The Pennsylvania court had jurisdiction of the *res* of the plaintiff, and of the defendant by publication against her. (*Atherton* v. *Atherton*, 181 U. S. 155, revg. 155 N. Y. 129; *Haddock* v. *Haddock*, 201 U. S. 562; *Thompson* v. *Thompson*, 226 id. 551.)

Moreover, the personal appearance of the defendant, although

she had acquired a separate domicile, was sufficient to invest the Pennsylvania court with jurisdiction as it was the domicile of the husband. (*Pearson* v. *Pearson*, 230 N. Y. 141; *Jones* v. *Jones*, 108 id. 415.) Full faith and credit must be given to the Pennsylvania decree, even though the withdrawal of the appearance and answer of Anna S. Dodge left the action in the same situation as if she had never submitted to the jurisdiction of the court. Service by publication in the State of matrimonial domicile gave the court jurisdiction.

The fact that Byron G. Dodge left Pennsylvania in 1917 did not divest the Pennsylvania court of jurisdiction. Jurisdiction once acquired was not exhausted until the entry of the decree and such decree cannot be attacked collaterally. (*Lynde* v. *Lynde*, 162 N. Y. 405.) Any other rule would lead to confusion and injustice.

The fact that Anna S. Dodge withdrew her appearance and answer is immaterial in so far as jurisdiction is concerned. The effect of withdrawing her appearance, however, even if her appearance were necessary to the validity of the decree in the action, might not be to divest jurisdiction already acquired. The withdrawal of an appearance and a pleading by permission and order of the court may change the subsequent procedure in the action, but up to that point the fact of appearance and pleading remains. There is no allegation that the appearance was a nullity, or was unauthorized, or that the withdrawal of the appearance and answer was made to serve any particular purpose. However, it is not necessary to decide the effect of this allegation, as the decree is binding without appearance on the part of the defendant.

The plaintiffs also claim that the decree of the Pennsylvania court is invalid because the plaintiff testified falsely, at the time the decree was entered, as to his residence being in Pennsylvania, and as to the facts concerning his separation from his wife.

As I construe the complaint, the false testimony of Byron G. Dodge related to his residence in Pennsylvania in 1921, as in another part of the complaint it is alleged that Byron G. Dodge ceased to be a resident of Pennsylvania in 1917, several years after the institution of the divorce action. The fact of his residence in 1921 was immaterial in so far as jurisdiction was concerned, and the fact that false testimony was given in relation to the separation of the parties is likewise immaterial where the attack on the divorce decree is collateral.

Courts will investigate facts upon which jurisdiction of a foreign court depends, but they will not examine into the merits of the controversy included in the issues, where the foreign judgment is such as must be given full faith and credit, unless the foreign State

would make such an investigation in relation to its own judgments. (*American National Bank* v. *Supplee,* 115 Fed. 657.) A court of this State would not set aside a judgment granted by another court of the State upon false testimony as to a matter in issue. Fraud in obtaining a judgment must be extrinsic of the matter in controversy to be available in a proceeding in which the judgment is attacked collaterally. (*Crouse* v. *McVickar,* 207 N. Y. 213; *Ross* v. *Wood,* 70 id. 8.)

Since we would not set aside a judgment here for such a cause, it must be presumed that the Pennsylvania courts would not do so, as there is no allegation as to the law of Pennsylvania in this respect. (*International Text Book Co.* v. *Connelly,* 206 N. Y. 188.)

Since the Pennsylvania decree is entitled to full faith and credit, I conclude that Anna S. Dodge was legally divorced from Byron G. Dodge in 1921.

2. The next question presented is the validity of the proceeding instituted in this State by Lillian Campbell under section 7-a of the Domestic Relations Law to dissolve her marriage with John F. Campbell.

It is alleged that neither she nor her husband, John F. Campbell, were residents or domiciled in this State prior to the dissolution of their marriage. The proceeding under section 7-a of the Domestic Relations Law is a peculiar one in some respects. It gives effect by an adjudication of a presumption of death. Nevertheless, it is based on the assumption that possibly the absent spouse may be living. The final order is absolute; it dissolves the marriage. If the absent spouse reappears, the marriage is not and cannot be reinstated. In effect, the proceeding determines the matrimonial status of the petitioner and the absent spouse.

There is no statutory requirement as to residence or domicile of either of the parties to the marriage sought to be dissolved. Nevertheless, must residence or domicile actually exist in order to render the order of dissolution effective and safe from collateral attacks?

The question presented in the case at bar does not involve the extraterritorial effect of such an order of dissolution, but simply its validity as a domestic judgment.

A judgment *in personam* rendered against a non-resident not personally served within the State is invalid, because of the absence of due process. (*Pennoyer* v. *Neff,* 95 U. S. 714.) But this rule does not apply in full integrity to divorce cases. (*Grubel* v. *Nassauer,* 210 N. Y. 149; *Hunt* v. *Hunt,* 72 id. 217.)

It has been said that our matrimonial actions for divorce or annulment are *in personam.* (*Hunt* v. *Hunt,* 72 N. Y. 217; *Berlinsky* v. *Berlinsky,* 204 App. Div. 480.) Although they are such in form,

still they are continually entertained in this State against non-residents who do not appear in the action and who were never domiciled in this State nor served with process within the State. (Civ. Prac. Act, §§ 232, subd. 5, 1146-a, 1147, 1162.) On the other hand, judgments of divorce obtained in a foreign State against our citizens, under similar circumstances, will not be recognized here. (*Berney* v. *Adriance*, 157 App. Div. 628; *Gilson* v. *Airy*, 181 id. 761; *Williams* v. *Williams*, 130 N. Y. 193; *Matter of Kimball*, 155 id. 62; *Starbuck* v. *Starbuck*, 173 id. 503; *Olmsted* v. *Olmsted*, 190 id. 458.) This paradox has been severely criticized. (*Ransom* v. *Ransom*, 125 App. Div. 915.)

All courts are apparently agreed, however, upon the proposition that a proceeding affecting matrimonial status will not be recognized as valid within the jurisdiction where it is entertained, if neither party was domiciled within the jurisdiction when the proceeding is commenced. (*Gray* v. *Gray*, 143 N. Y. 354; *Berlinsky* v. *Berlinsky*, 204 App. Div. 480; *House* v. *House*, 25 Ga. 473; *Blake* v. *Dudley*, 111 La. 1096; *Pendleton* v. *Pendleton*, 109 Kan. 600; *Worthington* v. *District Court*, 37 Nev. 212; *Aspinwall* v. *Aspinwall*, 40 id. 55; *Jacob* v. *Jacob*, Wright [Ohio], 631; *Le Mesurier* v. *Le Mesurier*, L. R. [1895] A. C. 517; *Burton* v. *Burton*, 21 W. R. 648. See, also, *Andrews* v. *Andrews*, 188 U. S. 14; *Hoffman* v. *Hoffman*, 46 N. Y. 30; *People ex rel. Comrs.* v. *Smith*, 13 Hun, 414.)

It seems to me that the rule requiring residence of the parties, or domicile of at least one of them, is so generally recognized, that it cannot be ignored, especially in the absence of some specific provision of statute to the contrary. In *Matter of Kohler* (123 Misc. 305) the Supreme Court refused to entertain a proceeding under section 7-a of the Domestic Relations Law under circumstances similar to those described in the complaint.

If it were possible to hold that the marriage of Lillian Campbell and Byron G. Dodge is voidable rather than absolutely void, it might be desirable to so hold in a case like the present one, assuming that Lillian Campbell, in good faith, invoked the jurisdiction of this court and was granted an order dissolving her marriage with John F. Campbell. However, at the time of the alleged dissolution, under section 7-a, the Domestic Relations Law provided that absence of a spouse for a period of five successive years or more without being known to be living during that time did not render a subsequent marriage voidable. It was absolutely void unless there had been a dissolution under said section 7-a. (Dom. Rel. Law, § 6, subd. 3, as amd. by Laws of 1922, chap. 279; Id. § 7, subd. 5, repealed by Laws of 1922, chap. 279; Id. § 7-a, as added by Laws of 1922, chap. 279; *Atkinson* v. *Atkinson*, 207 App. Div. 660; 213 id. 827; appeal dismissed, 241 N. Y. 543.)

The marriage of Lillian Campbell and Byron G. Dodge would not be a void marriage if at that time her marriage with John F. Campbell had been dissolved pursuant to section 7-a of the Domestic Relations Law. A decree of dissolution is not one pursuant to that section, if granted by a court without jurisdiction.

The statute contemplated a valid dissolution and not an invalid one. It intended a dissolution by a court having competent jurisdiction of the subject-matter and of the parties. Where such jurisdiction is lacking, the order of dissolution is a nullity and cannot constitute a valid basis for subsequent marriage.

My conclusion is, therefore, that the complaint sets forth facts sufficient to show the invalidity of the order dissolving the marriage of Lillian Campbell and John F. Campbell and the invalidity of her marriage with Byron G. Dodge.

3. The remaining question is as to the propriety of a declaratory judgment under the facts alleged.

In the case at bar there is an actual controversy; the facts are such that immediate relief can be given; the rights to be determined do not depend upon future events; and the matters in dispute can be settled for all time in one proceeding binding on all the interested parties.

Proceedings for declaratory judgments in somewhat analogous controversies have been entertained in England. (*Matter of Phillips*, L. R. [1919] 1 Ch. 128; *Beresford* v. *Atty. Gen.*, L. R. [1918] Prob. 33.) I think this is a proper case to entertain such a proceeding here.

An order may be entered: (1) Dismissing the complaint of Anna S. Dodge; (2) directing plaintiffs to serve an amended complaint eliminating the allegations relating to the Pennsylvania divorce; granting ten dollars costs to defendants.

If further relief is desired by either party to carry out the purpose of this action, the order may be settled before me on two days' notice.