LEON G. DODGE and Others, Respondents, *v.* LILLIAN CAMPBELL (Calling Herself MARY ALEXANDER DODGE) and Others, Appellants.*

Third Department, May 3, 1928.

**Husband and wife — dissolution of marriage, under Domestic Relations Law, § 7-a — parties were married and lived in Pennsylvania — petition did not state jurisdictional facts required in matrimonial actions — while Domestic Relations Law, § 7-a, does not require such statement of jurisdictional facts, it is essential to sufficiency of petition — subsequent marriage of wife to plaintiffs' father was void — action for declaratory judgment — complaint sufficient.**

The complaint is sufficient in this action brought for the purpose of securing a declaratory judgment as to the rights of the plaintiffs in the property of their father who died intestate. The father married a second time, and the contention of the plaintiffs is that his second marriage was void inasmuch as the second wife had a husband living. The evidence shows that the second wife was married to her first husband in Pennsylvania and that they lived there. She came to this State and instituted proceedings under section 7-a of the Domestic Relations Law, for the purpose of having her marriage with her husband dissolved. The petition in that proceeding did not allege facts which would give the court jurisdiction of an action for a divorce or a separation, and while section 7-a of the Domestic Relations Law does not specifically require such allegation, the rule is that a court of this State does not have jurisdiction unless the petition alleges the jurisdictional facts mentioned.

Since the court did not have jurisdiction of the proceeding to dissolve the marriage, the subsequent marriage of the plaintiff in that proceeding to the father of the plaintiffs was absolutely void, and she is not the widow of the plaintiffs' father and is not, therefore, entitled to any interest in his property.

APPEAL by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 24th day of January, 1928.

It is alleged in the complaint that Byron G. Dodge died intestate, a resident of Rensselaer county, N. Y., " leaving him surviving no widow, but " leaving four children his " only heirs at law and next of kin." The defendants are the person professing to be his wife or widow and the administrators of his estate. Lillian Campbell in 1893 married John F. Campbell in Lancaster, Penn., of which State both were residents at the time, and thereafter lived as man and wife solely in that State; John F. Campbell was never a resident of this State; in March, 1924, Lillian Campbell procured an order under section 7-a of the Domestic Relations Law of this State dissolving her marriage with John F. Campbell; she at the time was not a resident of this State; in her petition

* See 223 App. Div. 466, and 128 Misc. 778.

she made allegations concerning her residence which were untrue and thereafter testified falsely as to her residence; she and John F. Campbell at no time had a matrimonial residence or domicile in the State of New York; she had no lawful right or authority to commence said proceedings in this State and the court did not have jurisdiction of the parties to the proceedings, or of the subject-matter involved, and was without jurisdiction to grant the order; thereafter in October, 1924, in the State of New York she married Byron G. Dodge; that she was not then competent or qualified to marry because her husband, John F. Campbell, was living and from him she had not been lawfully divorced and her marriage had not been annulled or otherwise dissolved; she, however, claims that she is the widow of Byron G. Dodge and entitled to rights and interests in this property; that the plaintiffs, the only children of Byron G. Dodge, are entitled to his property, real and personal, free from any dower interest, or share therein, of Lillian Campbell. Judgment is demanded that the order dissolving the marriage between Lillian Campbell and John F. Campbell was unlawful, null and void; that the court was without jurisdiction to grant such order; that the marriage between Byron G. Dodge and Lillian Campbell was unlawful because Lillian Campbell was married to Dodge while her lawful husband was living, and she is not entitled to any share or interest in the property of Byron G. Dodge, deceased.

The first wife of Byron G. Dodge, Anna Smart Dodge, was formerly a party to this action, but was eliminated by order of the court on defendants' motion. No answer has been served, but defendants' time to answer has been extended.

*Frederick E. Draper,* for the appellants.

*Heaton & Mambert [William J. Roche* of counsel], for the respondents.

VAN KIRK, P. J. The action is brought to secure a declaratory judgment which will affect the descent and distribution of property. The plaintiffs are the four children of Byron G. Dodge, who died intestate, leaving real and personal property in this State and elsewhere. The real issue to be determined is whether or not the defendant Lillian Campbell, also called Mary Alexander Dodge, is the widow of the deceased and so entitled to interests in his property. The appeal is from an order denying defendants' motion to dismiss the complaint because insufficient on the face thereof. The facts as stated in the complaint are accepted.

Appellants' proposition is that the court below erred in holding that, under section 7-a, the petitioner must have the jurisdictional

qualifications of residence required in actions in this State brought for divorce or separation. Section 7-a of the Domestic Relations Law contains no provision for such jurisdictional requirements. Under the complaint the following facts bearing on the proposition may be established: The marital domicile of Lillian and John F. Campbell was always in Pennsylvania, where their separation occurred; when she instituted her proceeding against John F. Campbell, under section 7-a of the Domestic Relations Law, she was not a resident of this State; process was served upon John F. Campbell by publication only; John F. Campbell was not and never had been a resident of, or domiciled in, the State of New York and did not appear in the proceeding. Under these facts had Lillian Campbell brought an action in this State for divorce or separation from John F. Campbell, the court would not have had jurisdiction to render judgment against him. (Civ. Prac. Act, §§ 1147, 1162.) It would not have had jurisdiction of him. A divorce action is a proceeding *in personam.* (*Atherton* v. *Atherton,* 181 U. S. 155; *Haddock* v. *Haddock,* 201 id. 562.) It thus appears that the construction of section 7-a of the Domestic Relations Law is the vital question in this case. There has never been a case in the appellate courts where this question has been directly passed upon, but at Special Term several decisions are found holding that the court has not jurisdiction under this section where the marriage sought to be dissolved was not performed within this State and the parties never had a marital domicile here and where the respondent neither was served in this State nor appeared. (*Matter of Greenzwig,* N. Y. L. J. May 7, 1923; *Matter of Kelly,* Id. March 29, 1927; *Matter of Saunders,* decision by Mr. Justice EDGCOMB, Onondaga county, July, 1927; *Matter of Kohler,* 123 Misc. 305; *Matter of Niemi,* Kings county, Jan. 20, 1928.*) We find no decisions to the contrary.

This section (7-a) was a new section enacted by section 3 of chapter 279 of the Laws of 1922, and took effect March 25, 1922. It has been held to be constitutional. (*Frankish* v. *Frankish,* 206 App. Div. 301.) It reads as follows: " Dissolution of marriage on ground of absence. A party to a marriage may present to the Supreme Court a duly verified petition showing that the husband or wife of such party has absented himself or herself for five successive years then last past without being known to such party to be living during that time; that such party believes such husband or wife to be dead; and that a diligent search has been made to discover evidence showing that such husband or wife is living, and no such

---

evidence has been found. The court shall thereupon by order require notice of the presentation and object of such petition to be published in the same manner as required for the publication of a summons in an action in the Supreme Court where service of such summons is made by publication; such notice shall be directed to the husband or wife who has so absented himself or herself and shall state the time and place of the hearing upon such petition, which time shall be not less than twenty days after the completion of the publication of such notice; and if the court, after the filing of proof of the proper publication of said notice and after a hearing and proof taken, is satisfied of the truth of all the allegations contained in the petition, it may make an order dissolving such marriage."

Generally the jurisdiction of the court in such a statutory proceeding depends upon the presentation of a proper petition conforming with the act. The court has therein " a special limited statutory power, which can only be exercised under the limitations and circumstances prescribed in the statute." (*People ex rel. Rogers* v. *Spencer*, 55 N. Y. 1.) Apparently in the petition for dissolution of the ° Campbell marriage the facts required to be stated in the petition are set forth. But the question presented here is whether or not the jurisdictional facts required in actions for divorce or separation must be stated, although not mentioned in the statute. We think they must be stated. (*Berlinsky* v. *Berlinsky*, 204 App. Div. 480; appeal dismissed, 237 N. Y. 531.) In that case annulment of the marriage between the parties was asked on the ground of fraud. The parties were married in Maryland and domiciled there at the time of separation. The plaintiff was a resident of this State and the defendant a resident of Maryland when the action was commenced. The summons was served by publication. ' It was held that no jurisdiction of defendant was acquired thereby. The court said (p. 483): " The power of the court to declare a marriage void is now controlled by statute, and in the absence of some statutory authority no such power exists. [Citing authorities.] An action for annulment of marriage is unquestionably *in personam.* * * * The Civil Practice Act contains no provision relative to jurisdiction in such an action. In actions for divorce and for separation express provision is made by statute with reference to the jurisdictional requirements for the maintenance of such actions. * * * The Civil Practice Act is thus [sections 1147, 1162 cited] specific as to actions for a divorce and for a separation, but is entirely silent concerning the jurisdictional requirements in actions for annulment. It seems to me that· in the absence of statutory provision with reference

thereto our courts cannot obtain jurisdiction in annulment actions except through the personal service of the summons upon the defendant within the State or by his voluntary appearance. The action being *in personam*, judgment should not be granted which would affect the personal status of a non-resident except upon personal service of process within the State or unless the defendant has voluntarily appeared in the action, thus submitting himself to the jurisdiction of the court. The law is well settled that the courts of this State are powerless to adjudge the status of parties who are residents of other States. (*Gray* v. *Gray*, 143 N. Y. 354.) We are of the opinion that the order of publication herein and the substituted service of the summons upon the defendant pursuant thereto conferred no jurisdiction whatever upon the New York court and that, therefore, the defendant was entitled to an order to vacate said service and to dismiss the complaint."*

This argument applies to a proceeding under section 7-a as well as to an action for annulment. Unless a statute should so specifically provide we think the jurisdictional facts necessary to give the courts of this State jurisdiction over defendants in actions brought for divorce or separation must be established to entitle a petitioner to an order of dissolution under section 7-a. A dissolution order under this section is the equivalent of an absolute divorce. We do not think the Legislature intended to open our courts to all comers who may desire a divorce or its equivalent; or to disregard the general rule that " the courts of this State have no power to adjudge the status of parties residing beyond its jurisdiction." (*Gray* v. *Gray*, 143 N. Y. 354, 357.) Until the Legislature acts, as it has now in respect to annulment actions, we think any other intention should not be presumed. Other provisions of the statutes confirm this. Until the aforesaid act of 1922, section 6 of the Domestic Relations Law (as amd. by Laws of 1915, chap. 266), in respect to void marriages, provided: " A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either: * * * 3. Such former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time." This subdivision 3 was repealed and in place thereof was substituted by the act of 1922 the following:

---

* This opinion was handed down March 2, 1923. A new section, 1146-a, was added to the Civil Practice Act by chapter 372 of the Laws of 1923, which took effect May 21, 1923, providing: "Conditions attached to maintenance of action to annul a marriage." Subdivision 3 of this new section was amended by chapter 156 of the Laws of 1924.— [Note by the Court.

" 3. Such former marriage has been dissolved pursuant to section seven-a of this chapter." Prior to 1922 section 7, in respect to voidable marriages, provided: " A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto: * * * 5. Has a husband or a wife by a former marriage living, and such former husband or wife has absented himself or herself for five successive years then last past without being known to such party to be living during that time." This subdivision 5 was also repealed by the act of 1922. There is, therefore, no longer any provision in our statute as to void or voidable marriages conditioned upon the absence of the former husband or wife for five successive years and a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless such former marriage has been dissolved pursuant to section 7-a of this chapter.

The complaint is sufficient.

The motion, under rule 103 of the Rules of Civil Practice, to strike out the 11th paragraph of the complaint should be denied. This is the fourth amended complaint. Though in the former complaint, no motion to strike the 11th paragraph out was made, the allegations may have bearing upon the matters to be litigated; whether they should be stricken out is largely a matter of discretion. The action was begun in May, 1926. We think it should proceed to trial.

The order should be affirmed.

HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, and the defendants are given twenty days after service of a copy of the decision herein within which to answer.