## In the Matter of the Estate of HENRY GRUBE, Deceased.*

Surrogate's Court, Kings County, March 2, 1937.

*Maxwell Rubin*, for Edith Grube Harrington, contingent legatee, and *pro se* assignee of certain contingent interests in the estate, objectants to accounts.

*Arthur T. O'Leary*, for the petitioner Francis E. Laimbeer, removed trustee, executor.

*Moss, Marcus & Wels*, for Marcus & Wels, former attorneys for the removed trustee.

*Walter Jeffries Carlin*, for the Lafayette National Bank, substituted trustee.

WINGATE, S. On January 22, 1936, Francis E. Laimbeer, who had been the executor and trustee of this estate since October 10, 1916, was summarily removed for cause, and a successor trustee appointed. Thereafter, a proceeding was instituted to vacate five

---

* See 162 Misc. 228.

decrees of judicial settlement of his accounts, which had been entered at various intervals beginning on September 21, 1922. This relief was granted by a decision filed on October 13, 1936 (*Matter of Grube*, 160 Misc. 718), which was effectuated by a decree dated November 6, 1936.

The pertinent paragraph of adjudication in this decree reads as follows: " Ordered, adjudged and decreed, that each and every decree entered in this Court in any accounting proceeding in the estate of Henry Grube, deceased, namely, the decrees dated on or about September 21, 1922; on or about October 6, 1924; on or about June 18, 1925; on or about January 15, 1927; and on or about March 12, 1931, be and the same hereby are in all respects opened, vacated and set aside."

No appeal has been prosecuted from this decree, wherefore, since the time for such action has fully expired, it represents the law of the case and is binding and conclusive upon all concerned, including the court (*Matter of Kennedy*, 149 Misc. 188, 190), unless vacated for one of the reasons specified in subdivision 6 of section 20 of the Surrogate's Court Act.

Objections have been interposed to the accounts, the judicial settlements of which have been vacated. It is asserted that certain of these objections are substantially identical with those interposed upon the former accountings and which were then determined adversely to the objectants. Others appear to be new and to be addressed to the subsequently-discovered acts of the trustee which resulted in his removal and the vacating of the former decrees.

The present motion seeks primarily to limit the issues upon the trial to those which were not previously tendered, litigated and determined. The position of the trustee is, in substance, that he should not be obliged, for example, to again prove the making and propriety of disbursements shown in the accounts in respect to which issues were previously joined, and determined adversely to the objector.

The determination of the motion turns upon the legal results of an unconditional vacating of a decree. This subject has received more or less incidental attention in various utterances in this State, although it has apparently never been accorded the same analytical scrutiny here as in the courts of certain other jurisdictions.

It is, of course, obvious that when an order or decree is vacated, it is nullified, and the resulting situation is precisely the same " as if it never had existed." (*Chapman* v. *Dyett*, 11 Wend. 31, 32; *Farnsworth* v. *Western Union Tel. Co.*, 6 N. Y. Supp. 735, 747; *Hotchstein* v. *Hill Co.*, 90 Misc. 557, 565; *Matter of Automatic Chain Co.*, 64 id. 280, 284; see, also, *Oliver* v. *French*, 80 Hun, 175, 176.)

This statement, however, does not solve the presently propounded problem which, in effect, is as to whether such unconditional *destruction of* the document which promulgates the result of the trial, carries to oblivion with it all acts and proceedings theretofore had and upon which it was based.

The quotation of a few typical excerpts respecting the latter question is of slight assistance. The Court of Appeals observes in *Stannard* v. *Hubbell* (123 N. Y. 520, 526): " The power of a court of original jurisdiction to set aside and vacate its judgments in particular cases is a part of its inherent and recognized jurisdiction, and in many cases is regulated by statute. When exercised, the parties are remitted to the position they occupied before the judgment was rendered, and the case stands again for trial or for such other disposition as may be appropriate to the situation."

This statement is open to the criticism of equivocation on the precise point here in issue, since it is capable of an interpretation that the situation of the parties is that existing immediately prior to the entry of the judgment and after the litigation of the issues.

*Mott* v. *Union Bank of City of New York* (38 N. Y. 18, 20) provides a somewhat similar statement, but its addition that such vacatur " provides for the litigation of their rights in this action " does not advance the discussion, since the question under consideration was the effect of setting aside a default judgment in which no previous litigation had presumably occurred.

The only New York authorities which have been found which advance the applicable rules beyond this point are decisions of inferior tribunals. Thus it was said in *McCollum* v. *McClave* (1 Hilt. 140, 142), which was decided in the Court of Common Pleas: " When a judgment is set aside absolutely in any court, whether of record or limited jurisdiction, and the cause is thereafter continued, the plaintiff must prove his case in the usual way. A judgment once vacated is always vacated, and the defendant stands in reference thereto as if no action had been prosecuted against him."

*Union Bank* v. *Mott* (16 How. Pr. 525), in discussing the effect of the vacation of a decree, contributes the following (p. 527): " Garrett S. Mott is defending the action as fully and as perfectly as he could have defended it if no judgment had been entered therein."

*Barkin* v. *Rosenbach* (25 Misc. 780, 781), like *Union Bank* v. *Mott* (*supra*), is subject to criticism as a presently pertinent authority for the reason that the judgment there in question was one taken by default.

In view of this dearth of local authority the quotation from two recent applicable pronouncements of the Supreme Courts of Connecticut and New Jersey may be permissible.

In *Simpson* v. *Young Men's Christian Assn. of Bridgeport* (118 Conn. 414; 172 A. 855), decided in 1934, the court said (at p. 418): " When, on October 23d, 1933, the plaintiff made his so-called motion for a new trial, the judgment embodied in the memorandum of decision having been opened, there was no judgment in the case. It was entirely too late for the judge who tried the case to render judgment upon the evidence heard by him some time previous to July 9th, 1932. * * * That being so, the plaintiff had the right to claim the case for trial, as though no hearing had been held."

The most comprehensive discussion of the question which has been found is contained in *Dorman* v. *Usbe Building & Loan Assn.* (115 N. J. Law, 337; 180 A. 413), decided in 1935, in which Judge PERSKIE, writing for the unanimous court, observes (at p. 341): " But what is the effect of setting aside or vacating a judgment? Generally speaking it is to leave the matter in controversy open for future determination. 15 R. C. L. 724, § 178. And that determination must afford the parties in interest the right of a fair trial. * * * It would seem to us that it is merely begging the question to argue, as appellee does, that because there was no jury and there could be none on a retrial since none was demanded in the first instance * * *, that it would be idle or unnecessary for the trial judge to rehear the proofs. The issues were sharply controverted. The proofs might well not have been the same on a retrial."

In the opinion of this court, the reasoning adduced for the result in the case just cited possesses peculiar cogency in the case at bar. The situation of the contending parties has materially altered since the former hearing on the objections was held. Then the accountant was in the position occupied by any other fiduciary enjoying an inference of proper dealing which, whereas not of sufficient cogency to overcome specific evidence of unauthorized acts, nevertheless could not fail to affect his opponent in his investigation of the facts relative to his transactions in respect to the conduct of the trust affairs. The present situation differs by reason of the demonstrated fact that in his dealings with the estate funds the acts of the accountant were tainted with the fraud as a result of which the decrees of judicial settlement were vacated. It may well be, therefore, that, with this altered viewpoint in his search for relevant data, the objectants may succeed in uncovering facts conducive to a result differing from that previously attained.

In any event, the court is satisfied on theory as well as by reason of the authorities hereinbefore reviewed that the result of the unconditional vacating of the decrees was to remit the parties in all respects to the position which they occupied immediately succeeding the original filing of the accounts. All interested parties are potentially at liberty to file any objections thereto which they desire and the issues thus raised are to be tried wholly *de novo*.

The foregoing disposes of the main issue raised by the motion. The decision of the subordinate portion thereof relative to the scope of the permissible examination of the accountant under section 263 of the Surrogate's Court Act, which is now pending, substantially determines itself as a corollary to the main question decided. Since the parties are again at the inception of their litigation in respect to the propriety of the acts of the accountant as reflected in the accounts as filed, all parties interested are entitled to the unrestrained right of inquisition envisaged in the authority to examine the fiduciary " under oath * * * as to any matter relating to his administration of the estate or fund " with the addition that " if any party interested shall demand in writing that a voucher be produced and filed for any payment alleged by the account to have been made, the accounting party shall produce and file such voucher or make satisfactory proof of such payment." (Surr. Ct. Act, § 263.)

The motion is accordingly in all respects denied, with costs.

Enter order on notice in conformity herewith.