Sova, Appellant, vs. Ries, Respondent.

*October 11—November 9, 1937.*

54

The cause was submitted for the appellant on the briefs of *Frank J. Lenicheck,* attorney, and *Bruce B. F. Randolph* of counsel, both of Milwaukee, and for the respondent on that of *George E. Ballhorn,* attorney, and *George H. Katz* of counsel, both of Milwaukee.

FRITZ, J.  The court based its order and judgment, which are under review, upon the conclusion that the plaintiff's affidavit for the adverse examination negatives the existence of any cause of action in his favor against the defendant, and fails to show the existence of any controversy in which a claim of right is or may be asserted in which the defendant has any interest within the meaning of the Uniform Declaratory Judgments Act (sec. 269.56, Stats.).  That conclusion is well warranted.

Plaintiff states in his affidavit that the action is for declaratory relief adjudging his correct and legal name, place and date of birth, age, identity, parentage, legitimacy, status, the correct and legal record of the date and place of his birth, and also the date of his placement and admission to the New York Foundling Hospital, and by whom left, and under what name he was placed therein, and such further relief as is just and

proper. There is no mention of the defendant in any verified statement in the affidavit. The only reference to her is that, in listing the points as to which discovery is sought, there are included discovery as to the defendant's residence in, prior and subsequent to January and February, 1896, and her relationship to Grace Wolfe; whether the latter and the defendant or others participated in leaving the plaintiff at the New York Foundling Hospital, and, if so, what representations were made concerning his birth and parentage; defendant's acquaintance, conversations, communications, and transactions with Francis Georger relating to plaintiff's custody, and the names of all persons who interviewed and conversed with defendant concerning the plaintiff and his birth, care, custody, charge, and disposition. Thus, as far as the record herein is concerned, there is no statement as to any facts which shows any basis for even an inference that there ever existed any legal relationship between the parties, or any obligation on the part of the defendant to the plaintiff, because of which there may exist any justiciable controversy in which the defendant has any legal interest.

On the other hand, facts stated in the plaintiff's briefs filed herein and by the court in the case of *Emery's Will* as reported in 108 N. J. Eq. 601, 156 Atl. 130 (to which the plaintiff refers in his brief to supplement his statement of facts), clearly negative the existence of any legal relationship or justiciable obligation or right between the parties to this action. Even though the facts thus asserted by statement or reference in the plaintiff's brief were not in evidence, "they may properly be assumed as true as against the party who asserts them." *Ellis v. Frawley,* 165 Wis. 381, 385, 161 N. W. 364, 366; 4 C. J. S. p. 1936, § 1343. Under those statements the only mention of the defendant is in connection with the temporary custody of James Edward Nicholson. Nowhere in the briefs or the report of the *Emery's Will Case* is there stated any fact that defendant ever stood in legal

relationship to plaintiff, or that he or she ever asserted the existence of any legal right or obligation between them by reason of any status. Consequently, there are applicable herein the rules that the courts will not, under the declaratory-judgment statute, act in a mere advisory capacity or take cognizance of questions that may never arise or permit resort to the statute until an actual controversy has arisen under an existing state of facts, *Heller v. Shapiro,* 208 Wis. 310, 314, 242 N. W. 174; that "parties are not entitled to a declaratory-relief judgment on remote questions, or to aid them in another transaction (*Hodges v. Hamblen County,* 152 Tenn. 395, 277 S. W. 901)," *Heller v. Shapiro, supra;* and that a declaratory decree cannot be made as to questions which are remote, incidental, and determinative of no controversy between defendant and plaintiff, *Family Loan Co. v. Hickerson,* 168 Tenn. 36, 73 S. W. (2d) 694, 94 A. L. R. 664.

The decisions in *Miller v. Currie,* 208 Wis. 199, 242 N. W. 570, and *Dodge v. Campbell,* 128 Misc. 778, 220 N. Y. Supp. 262; 223 App. Div. 471, 228 N. Y. Supp. 618, are not in point. In each of those cases for declaratory relief as to the validity of an alleged marriage which the plaintiffs had a legal interest in having declared invalid, the defendants, who were either the alleged wife or alleged legitimate children of such a marriage, had a legal interest in having the marriage declared valid. Therefore they were necessary or at least proper parties. But as that does not appear in respect to the defendant herein, she is entitled to be discharged as a party in this action. *Madison v. Wisowaty,* 211 Wis. 23, 247 N. W. 527; *Sun Prairie v. Wisconsin Power & Light Co.* 213 Wis. 277, 251 N. W. 605; *National Retailers' M. Ins. Co. v. La Salle F. Ins. Co.* 209 Wis. 576, 245 N. W. 702; *Riebs Co. v. Mortensen,* 219 Wis. 393, 263 N. W. 169; *McCarthy v. Hoan,* 221 Wis. 344, 266 N. W. 916. Therefore, the dismissal of the action, as well as the suppression of the examination, was proper. *Madison v. Madison Gas & Elec-*

*tric Co.* 129 Wis. 249, 108 N. W. 65; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900. As the court said in the latter case (p. 192):

"The right to call men to the witness stand and examine them as to their private affairs is a most serious invasion of their liberties, if not indeed a deprivation of property in many cases . . . and can be justified only on the ground that courts are entitled to the information in aid of a proper judicial proceeding. Sec. 4096, Stats. (1898), was intended to go no further, and, where it is apparent that there is no such judicial proceeding, examination should not be allowed. The courts under such circumstances, when the futility of the alleged attempt to institute a suit is made manifest, should not only prevent an examination but should dismiss the ostensible action."

On this appeal plaintiff also challenges the court's order and judgment on the ground that if he is not entitled to maintain his action for declaratory relief, then he should be entitled to take the deposition of the defendant to perpetuate her testimony as against all persons. As that ground does not appear to have been asserted in the trial court, he is not entitled herein to relief thereon at this late stage of the litigation. *Estate of Leedom,* 225 Wis. 148, 273 N. W. 471. However, the peculiar type of special proceeding which is authorized by sec. 326.29, Stats., does not constitute an action; it is not commenced by the service of a summons upon one who is but a prospective witness; and the latter as merely the witness is not to be made or considered a party thereto who, as such, can be subjected to an adverse examination under sec. 326.12, Stats.

*By the Court.*—Order and judgment affirmed.

WICKHEM, J., took no part.