Frank A. Gulotta, J.
This is an action for an annulment and to impress a trust on certain real property.
The plaintiff seeks this annulment on the grounds that the defendant had a husband living at the time of the marriage of the parties. He says that while he knew that she had been previously married, she represented to him that she had procured a divorce. The defendant concedes her prior marriage, but says that her first husband left her in about 1948, and that she has not seen him since; that she had been told by virtue of his continued absence she was entitled to remarry and that she married the plaintiff relying on this information.
It appears that defendant Avas married to one Al Macintosh in J une, 1947, and that there are two children of that marriage; that her husband left her some time in 1948; that she complained to the Children’s Court of Nassau County, and that a warrant was issued for his arrest for nonsupport, but the husband could never be found. She testified that she never heard from or of him, and had not seen him since 1948.
The plaintiff and defendant struck up a friendship in about 1949, and lived together for some three years before they were married in August, 1957. There are no children of this marriage.
In January, 1959, the parties discussed the purchase of a home and eventually, on April 15,1959, title Avas closed on a house in Merrick. Plaintiff paid some $2,300 in cash and the parties executed a first and second mortgage totaling $17,400. Subsequent mortgage payments were made by plaintiff. It is conceded that the defendant contributed nothing to the purchase of the house and made no subsequent payments; that the money which she earned went for the support of her two children, the purchase of some food and some household furnishings. The title to the premises was taken in both names as husband and wife and as tenants by the entirety.
It is now the contention of the plaintiff, in support of his cause of action to impress a trust, that he informed the defendant he was putting the house in her name for convenience, and that she promised to reconvey it any time that he requested it. The convenience, he states, Avas “ so that he would have a housekeeper ”. Since his story is that he thought defendant was his wife, what he meant by this is hard to say. On the other hand, the defendant says there was never any such agreement, that the house was put in both names because they Avere husband and Avife.
*68 In the second day of the trial, the long missing A1 Macintosh walked into the courtroom, the plaintiff having located him overnight and served him with a subpoena. He testified that he has visited with his children many times during his supposed disappearance and has talked with the defendant many times, the last time at a Christmas party in 1960, just two weeks prior. Defendant denies none of this. Thus a more calculated, deliberately false story than that told by defendant on this trial would be hard to imagine.
Of course, on the undisputed proof of the continued existence of the first marriage, the plaintiff is entitled to an annulment since under section 6 of the Domestic Relations Law, in the absence of an Enoch Arden decree under section 7-a, the second marriage is void, where it turns out that the missing husband is in fact alive. (Dodge v. Campbell, 128 Misc. 778.)
However, it does not follow from this that the second marriage was void solely because of failure to procure a section 7-a decree and that the right to rely on the common-law presumption of death after seven years of unexplained absence has been abrogated. That presumption is still available to support the validity of a marriage. (Cavanaugh v. Valentine, 181 Misc. 48.) It is the combination of Macintosh’s continued existence plus the absence of a section 7-a decree which makes the second marriage void. (Whittleton v. Whittleton, 3 Misc 2d 542.)
This brings us to the second question, viz., whether plaintiff is entitled to have sole title to the property held by the entirety. I do not give any credence to plaintiff’s story in this respect. It is too pat, a suit cut to fit the cloth, or better still a lawsuit cut to fit the law. In other Avords, I do not believe that an actual agreement was made by these people that the defendant would convey on demand.
The ordinary effect Avhere a tenancy by the entirety fails because the grantees are not validly married, is to convert the tenancy into one in common, with no right of survivorship. Nor is it of any moment that the wife contributed nothing toward the purchase price; she is deemed to have a half interest. (Bell v. Little, 204 App. Div. 235, affd. 237 N. Y. 519 ; Real Property Law, § 66.)
Neither does the Mav presume a purchase money resultant trust to arise, since that form of trust has been abolished in New York by section 94 of the Real Property Law, and furthermore even where the doctrine is available, it does not apply where the transferee is a natural object of the payor’s bounty. (Restatement, Trusts, § 442.)
*69 However, it seems to this court that a distinction is to be made between a case where both parties contract a marriage in good faith, or even when both are in bad faith, and a case where only one of the parties knows of an impediment and practices a fraud on the other. There is no reason why this fraud should not vitiate the gift, as it would a transfer made for value. Some intimation of this is contained in Bambauer v. Schleider (176 App. Div. 562), which likewise held a tenancy in common to arise in this situation, but made specific mention of the fact that there had been no fraud or deceit involved.
That a gift induced by misstatement innocently made, may be rescinded was decided in Matter of Clark (233 App. Div. 487). Of course fraud makes out an even stronger case.
It is stated in Corpus Juris Secundum (vol. 38, Gifts, § 34): ‘1 Where the gift has been secured through the donee’s fraud, the donor may recover it on the principle that no one should be allowed to obtain any benefit from his own wrongful act”. However, where the donor is in possession of the facts as well as the donee, as for instance where he enters into a bigamous marriage with a woman whom he knows to be already married, he may not be relieved of his gift to her, based solely on the meretricious relationship. (Matter of Seifert, 145 Misc. 503.)
Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that she would be unjustly enriched if she Avere permitted to retain it, a constructive trust arises and this is true where title was obtained as the result of mistake or fraud. (See Restatement, Restitution, § 160, Comment e.) See, also, Beatty v. Guggenheim Exploration Co. (225 N. Y. 380, 386) Avhere it is stated, “ A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee ”.
A basis therefore exists in this case to erect a constructive trust of the defendant’s interest in this property for the benefit of the plaintiff to the end that she may not profit through her deception.
Judgment for the plaintiff is granted on both causes of action, Avithout costs.
This decision contains the findings Avhich this court deems essential as required by section 440 of the Civil Practice Act.