IN RE APPLICATION OF DUVENECK: DUVENECK, Guardian *ad litem,* Appellant, v. SIGL, Respondent.

*February 9—March 7, 1961.*

For the appellant there was a brief by *Robert P. Stebbins,* and oral argument by *Mr. Stebbins* and by *Mr. William Duveneck,* guardian *ad litem,* both of Green Bay.

For the respondent there was a brief by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *John C. Whitney.*

BROADFOOT, J.    The application was made under the provisions of sec. *326.27,* Stats.  It is the contention of Sigl that all of the provisions of ch. 326, Stats., with reference to the taking of depositions must be read together and that one of

the grounds stated in sec. 326.07 must be established before the deposition of a witness not a party to an action can be taken. The applicant, on the other hand, states that under old rules of equity practice reasons had to be given for the perpetuation of testimony but that the adoption of the statute abolished certain rules and that sec. 326.27 is now complete in and of itself without reference to any other section except that notice is to be given in the manner prescribed by sec. 326.09. The applicant further argues that statutes involving procedure should be given a liberal construction to promote the effective administration of justice, and there are many cases in which this court has so stated.

The trial court held that sec. 326.27, Stats., is not complete in and of itself but that to entitle one to perpetuate the testimony of a prospective witness not a party to a proposed action under the provisions thereof, the application should allege as grounds therefor one of the reasons stated in sec. 326.07. We agree.

It is apparent that the applicant is attempting to use the statute as a means of conducting an adverse examination of one not a party nor the agent or servant of a party to a prospective action. In *Sova v. Ries,* 226 Wis. 53, 276 N. W. 111, we held that the type of special proceeding which is authorized by sec. 326.29, Stats., does not constitute an action, and a prospective witness is not to be considered a party to some future action who can be subjected to an adverse examination. That statement is equally true as to sec. 326.27.

In oral argument the applicant referred to Rule 26, Federal Rules of Civil Procedure, and indicated that we should construe sec. 326.27, Stats., in harmony with that federal rule. In 1949 the advisory committee on pleading, practice and procedure recommended that this court create by rule sec. 326.125, Stats., bearing the title "Depositions for Discovery." The suggested draft of that rule followed the federal rule to a great extent. Two public hearings were

held thereon in which several persons appeared in favor of the proposed rule and several persons appeared against the proposed rule. The rule was not adopted. The consensus of opinion then was that no provisions of ch. 326, Stats., could be construed to provide for a discovery proceeding and that a rule or statute was necessary to accomplish that purpose. It is true today. We cannot, under the guise of liberal construction, supply something that is not provided in the statute or rule.

Since no valid reason for the taking of the deposition appeared in the application, the trial court was correct in directing a dismissal of the proceeding.

*By the Court.*—Order affirmed.