John D. Bennett, S.
This is a proceeding to determine the effect of a notice of election filed pursuant to section 18 of the Decedent Estate Law.
*1072 On December 21, 1921, the decedent married Evelyn Crick in the British West Indies. There are four issues of this marriage.
In 1929 the decedent, leaving his wife and four children in the West Indies, migrated to the United States.
In 1951 he returned to his wife, spending a short time there, and then again left for the United States.
In 1958 the decedent instituted a proceeding under section 7-a of the Domestic Relations Law in the Supreme Court, Nassau County, and obtained a dissolution of his marriage to Evelyn Crick because of her absence for more than five successive years.
On October 28, 1961, the decedent married the petitioner. Following the discovery by Evelyn Crick of the dissolution of her marriage, she moved to vacate and set aside the section 7-a judgment entered against her on the ground that a fraud had been perpetrated on the court in obtaining such judgment. On April 17, 1962, an order was entered vacating and setting aside the order of dissolution in the section 7-a proceeding. Evelyn Crick has also filed a notice of election in this estate and maintains that the marriage of the decedent to the petitioner is void.
Section 6 of the Domestic Relations Law states: “ A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either:
<< i * * * ¡ , ' ■
<f 2 * * *
“ 3. Such former marriage has been dissolved pursuant to section seven-a of this chapter.”
In the absence, therefore, of an Enoch Arden decree under section 7-a, the second marriage is void where it turns out that the missing spouse is alive (Randolph v. Randolph, 28 Misc 2d 66; Dodge v. Campbell, 128 Misc. 778).
The question presented is whether the obtaining of an order dissolving a marriage under section 7-a and a subsequent vacating of that order gives the petitioner any greater rights in this estate as an alleged surviving spouse than she would have had if the initial dissolution had never been obtained.
In Matter of Grube (162 Misc. 267), the court held that the result of the unconditional vacating of a decree was to remit the parties in all respects to the position which they occupied immediately succeeding the original filing of the papers initiating the proceeding. Accordingly the vacating and setting aside of the order dissolving the decedent’s marriage to Evelyn Crick, had the effect of completely nullifying such dissolution precisely the same as if it had never existed (Matter of Grube, supra).
*1073 The conclusion that the Enoch Arden decree is a nullity ab initio necessarily results- in the determination that the petitioner’s attempted marriage to the decedent is void.
The petition is accordingly dismissed.