GEORGE GREELEY, Secretary, Department of Regulation Licensing
You ask my opinion whether your department has the authority under sec. 440.41 (7), Stats., to transfer the registration of professional solicitors in the same manner that it transfers peddlers' licenses under sec. 440.84 (1), Stats. For the reasons hereinafter set forth, it is my opinion that your department does not have such authority.
Section 440.41 (7), Stats., provides as follows:
"(7) PROFESSIONAL SOLICITOR; REGISTRATION REQUIRED. Every professional solicitor employed or retained by a professional fund raiser required to register pursuant to this subsection shall, before accepting employment by such professional fund raiser, register with the department. Application for such registration shall be in writing, under oath, in the form prescribed by the department, and shall be accompanied by a fee of $10. Such registration when effected shall be for a period of one year, or a part thereof, expiring on August 31, and may be renewed upon payment of the fee prescribed by the subsection, for additional one-year periods."
Section 440.84 (1), Stats., provides as follows:
"Issue of license; tags. (1) Upon the filing of a license application and the payment of the fee the department shall issue to the applicant a license for a period of one year, from the date of the issuance thereof which license shall specify what the licensee may do and how he shall operate thereunder, and such license shall not be assignable or transferable, except on written approval of the department."
The legislature clearly gave your department the authority to transfer peddlers' licenses by the specific language used in sec.440.84 (1), Stats. However, sec. 440.41 (7), Stats., is silent regarding the question of transfer of registration of professional solicitors. Thus, you seek to determine the intent of the legislature regarding this issue. *Page 240 
But the law is clear that, where a statute is plain and unambiguous, interpretation is unnecessary, and intentions cannot be imputed to the legislature except those to be gathered from the terms of the law. State ex rel. Badtke v. School Board
(1957), 1 Wis.2d 208, 213, 83 N.W.2d 724. An ambiguity exists when a statute is capable of being understood by reasonably well-informed persons in two or more different senses. Kindy v.Hayes (1969), 44 Wis.2d 301, 308, 171 N.W.2d 324. Using this rationale, I am forced to conclude that sec. 440.41 (7), Stats., is unambiguous. In the absence of ambiguity, the meaning of a statute is to be read from the language used and there can be no reference to matters outside of the language of the statute.State v. Caruso (1969), 44 Wis.2d 696, 699-700, 172 N.W.2d 195.
The language of sec. 440.41 (7), Stats., does not provide for the transfer of the registration of professional solicitors. Your department cannot, under the guise of liberal construction, supply something that is not provided in the statute. In reApplication of Duveneck (1961), 13 Wis.2d 88, 92,108 N.W.2d 113.
You refer to the fact that sec. 440.41 (7), Stats., could cause considerable hardship for professional fund raisers because of the expense involved in registering their employes as professional solicitors. While we can all sympathize with the plight of these people, we still have no power to disregard the plain mandate of a valid statute merely because in some cases it may work a hardship. Rowell v. Barber (1910), 142 Wis. 304, 319,125 N.W. 937. Theirs is a policy argument which must be addressed to the legislature in asking an amendment to the statute.
Therefore, it is my opinion that the Department of Regulation and Licensing does not have the authority under the present sec.440.41 (7), Stats., to transfer the registration of professional solicitors.
RWW:SS