THOMAS SPRAGGINS, appellant, *v.* HORACE H. HOUGHTON, appellee.

*Appeal from Jo Daviess.*

Where the Court have reason to suppose that a cause is not a real, but a fictitious proceeding, proof will be required that the action is not feigned.

MURRAY McCONNEL and STEPHEN A. DOUGLASS, for the appellant.

S. STRONG and J. BUTTERFIELD, for the appellee.

SMITH, Justice, delivered the opinion of the Court :
And now, at this day, comes the said Thomas Spraggins, the appellant, by counsel, and suggests to the Court here, that the case made and agreed to in this cause, between the parties to the record, and submitted to the Circuit Court of the county of Jo Daviess, and upon which the judgment of the said Court was rendered, as appears by the record, is not a real case between the parties, but a fictitious one ; and thereupon files a motion to dismiss this case for the reasons following :

" 1st. The record in the case shows an improbable state of facts ; all the facts having occurred after the case was adjudicated and decided in the Court below.

" 2d. It appears from the record, that this is a fictitious case, having no foundation in fact ; the cause of action being alleged to have occurred at a time when the Court must judicially take notice, by the laws of the State, that no general election could take place."

After argument had on said motion, as well on the part of the appellant as on the part of the appellee, and upon an inspection of the record in this cause, it appears, that it is a *qui tam* action, brought to recover a penalty of one hundred dollars ; and subjects the defendant in the Court below, who is the appellant in this Court, in addition to the fine, to the further punishment, on conviction of being guilty of fraud, or corruption, or partiality, or manifest misbehavior in any thing or matter relating to the election of which it is alleged the appellant was a judge, or for knowingly admitting any person to vote, who is not qualified according to law, to be incapable of holding any office in this State, for the term of ten years thereafter.(1)   And it further appears, that the agreed case stated in the record, was made up, agreed to, and filed, on the 29th day of May, in the year 1839, and that the parties appeared and consented that an action should be entered on the

R. L. 254, § 23 ; Gale's Stat. 268.

records of the Circuit Court, waiving all process, or service there-of, and all pleadings in the cause. And it also appears from such agreed case, that it was to be submitted and to be argued in the Circuit Court ; which argument, it appears from the record, was never had, nor briefs nor authorities furnished. And it also ap-pears, that it was agreed that the Circuit Court might give its opinion in vacation, in writing, to be filed in the office of the clerk of the said Circuit Court ; and that judgment might be entered of record in vacation ; and that it should be a release of all errors in the same cause. It is further stated in said case, that the said Spraggins was one of the judges of the election, duly appointed and sworn according to law, at the August election, 1838, for the precinct of Galena, in the county of Jo Daviess, and acted as such, and received votes at that election, to wit, on the sixth day of August, 1839 ; and that one Jeremiah Kyle voted at that elec-tion for all State and county officers voted for at that time, in-cluding a representative to Congress ; and that Spraggins was one of the judges of such election when said Kyle voted ; and that said Kyle was not, at the time he voted, a citizen of the United States ; but, that he was a native of Ireland, and had nev-er been naturalized according to the laws of the United States, though the said Kyle had resided in this State, and in the county of Jo Daviess, more than six months immediately preceding the election at which he voted as aforesaid ; and that the said Sprag-gins admitted the said Kyle to vote, and had his name entered upon the poll books, and counted his vote as a good and proper vote, knowing before, and at the time the said vote was admitted and counted, that Kyle was not a citizen of the United States, but a native of the kingdom of Great Britain and Ireland, and not nat-uralized according to law ; and that the said Spraggins, acting as such judge of such election, received and counted the vote of the said Kyle, believing, at the time, that he was not a qualified vo-ter ; he, Spraggins, believing that the Constitution and laws of this State not only required a residence of six months, but also, that the person offering to vote, should be a citizen of the United States. And it further appearing, that by the 6th section of the *Act regulating elections* in this State, the said Spraggins must have (to have been qualified to perform the office of a judge of the election) taken an oath to perform the duties of judge of such election, according to law and the best of his abilities, and to studi-ously endeavor to prevent fraud, deceit, and abuse in conducting the same. And it further appearing, in the opinion of the Circuit judge, that under the third reason for deciding that Spraggins had violated the provisions of the election law intentionally, he has de-clared, in his own language, " that the defendant, in admitting and counting the vote of Kyle, at the election referred to, believing, as it seems he did, at the time it was received, that he was not a

qualified voter, was guilty of manifest misbehavior. The defendant, by his conduct at this election, as shown by the facts presented, is brought within the provisions of the section of the law above recited, and is subject to the penalties therein prescribed. Judgment must be entered against him for the sum of " one hundred dollars," and the said judgment, omitting that portion of the penalty of the law disfranchising the appellant Spraggins, was rendered. And it appearing, from the preceding statement of facts recited in the record, that a question may well arise, whether the parties have not made a case not founded in a state of possibility ; and the recital that the vote was received on the 6th day of August, 1839, when contrasted with the fact, that the proceedings were instituted in the Circuit Court on the 29th day of May, 1839, showing an impossible fact, and one which could not have transpired ; and it not being, we apprehend, in the power of this Court to reject this portion of the statement of the case, to render it consistent with the precedent fact, that Spraggins was judge of the election held in 1838, and received votes at that election ; and that Kyle's vote was received in 1838 ; not only, because in a subsequent part of the case it is distinctly stated, that Kyle's vote was received on the day stated, but, as the case made must be considered in the nature of a confession in a *quasi* criminal case, and the Court having no power to add to, lessen, or change the admission so made ; and as the construction, if any, must be strict, and if any departure be allowed, it must be in favor of and not against the party who makes it ; and the case seeming to be not only an impossible one, but that it may be doubted whether it is a real one ; and the additional fact, that the party makes the admission that he not only knew the voter to be an alien, but that for such reason, he believed him not to be a legal voter ; and that, with such knowledge, he admitted him to vote, contrary to his belief of right and law, and contrary to, and in violation of, his oath to prevent fraud, deceit, and abuse, in conducting the election, if Kyle was not legally entitled to vote ; and the Circuit judge having moreover made this part of the confession one of the reasons of his judgment, it being, as he supposed, apparent that such admission was conclusive. And this part of the case, in connexion with the other part recited, raising strong grounds of doubt as to the real character of the agreed case in point of genuineness and reality ; and whether such a state of facts did really transpire ; and the said defendant having admitted himself guilty of the violation of a public law, when acting under oath, furnishing additional evidence that no such facts exist ; or that Spraggins could not have fully understood what he was admitting, particularly as the law disfranchises him for ten years. For these causes, and upon the authority of the case of Shields *v.* McConnell,(1) which has been dismissed,

(1) 1 Scam. 582.

at the present term, upon the ground of being a feigned case, the motion of the appellant is continued until the next term ; and, in the mean time, it is further ordered, that the parties to this suit produce and file in open Court, on the first day of the next term thereof, authentic documentary evidence, where the same exists, of the facts stated in the agreed case, and of all other facts therein, which do not so exist on paper, but of which oral proof may be had, and that they at the same time produce and file written depositions of competent persons to the truth thereof ; and that, in default thereof, this cause be remanded to the Circuit Court of Jo Daviess county, with directions to that Court to vacate the judgment entered therein, and to dismiss the same, each party paying his own costs.