## SARAH ROTMANSKEY and BARNEY ROTMANS-
## KEY *vs.* WILLIAM S. HEISS.

*Construction of a Deed.*

The owner of land conveyed the same to his three children in trust for himself for life, and after his death, "in case all or any of the said grantees or their issue shall survive the said grantor, then the said property shall vest absolutely in the said grantees and their issue, *per stirpes* in equal shares, each of said grantees being a *stirps.*" After the death of the grantor, one of the children purchased the interests of the other two grantees. *Held,* that he acquired absolute ownership of the property.

Appeal from a *pro forma* decree of the Circuit Court of Baltimore City granting the relief asked for in a bill for the specific performance of a contract to buy land.

The cause was submitted to the Full Bench on briefs by

*B. H. Hartogensis,* for the appellants.

*T. J. Schaumloeffel,* for the appellee.

Bryan, J., delivered the opinion of the Court.

In eighteen hundred and eighty-seven John M. Heiss, now deceased, executed a deed to his three children, John, Louisa and William, which conveyed to them four lease-hold lots of ground in the city of Baltimore. The convey-ance was made upon the following trust: "To have and to hold the said four described parcels of ground and premises, with the rights and appurtenances aforesaid, unto the said John C. C. Heiss, Louisa H. Heiss and William S. Heiss in trust, that the said John M. Heiss may be allowed to collect and receive the rents, income and profits issuing and payable out of said property, and to apply the same to his own use during the term of his natural life, and in case all or any of the said grantees or their issue shall survive the said grantor, then the said property shall vest absolutely in

the said grantees and their issue, *per stirpes* in equal shares, each of said grantees being a *stirps.*" William Heiss has acquired the interest of the two other grantees. He made a contract to sell three of these lots to Rotmansky and his wife ; and the only question before us is whether he has a good marketable title.

The deed was evidently the work of an unskillful draughtsman. But we think that its meaning is quite evident. It was the intention of the grantor that such of his children as might survive him should each have an equal share of the property ; and that if any of them should die before him and leave descendants surviving, the children so surviving should receive the share which the parent would have received if he had outlived the grantor. The words of the deed are, "if any of the grantees *or* their issue shall survive the said grantor, then the said property shall vest absolutely in the said grantees *and* their issue." That is to say, if the grantees should survive, *they* should have it ; if the issue should survive *they* shall have it. The words are not capable of being construed with literal grammatical strictness. Literally they would mean if either the grantees or their issue should survive, the property should vest both in the grantees *and* their issue. Let us examine the words of the deed a little further ; it is said that the property shall vest absolutely in " the grantees and their issue *per stirpes* in equal shares, each of said grantees being a *stirps.*" The inaccuracy and confusion of the language is quite remarkable. It is not conceivable how any property can be divided between persons and their issue *per stirpes.* The draughtsman has adopted terms which are very often used in reference to real estate. A *stirps* is a root of inheritance ; it designates the ancestor from whom the heir derives title ; and it necessarily presupposes the death of the ancestor. When *issue* are said to take *per stirpes,* it is meant that the descendants of a deceased person take the property to which he was entitled, or would have been entitled if living. It is our duty to find out the meaning of the deed, so far as it

can be ascertained from the expressions contained in it ; and
we think that in spite of the language the meaning is clear.

The Court below decreed *pro forma* that the title was
merchantable, and we affirm the decree.

*Decree affirmed with costs.*