# Shoch's Estate (No. 2).

*Wills—Power of appointment—Per stirpes—Words and phrases.*

1. When issue are said to take "per stirpes," it is meant that the descendants of a deceased person take the property to which he was entitled or would have been entitled if living.

2. Where a testator gives to his three children a power of appointment by will over the portion of his estate from which each child received income and directs that, in default of appointment, such portion should go to "such of my grandchildren who shall then [at the death of the child] be alive, absolutely and per stirpes," the grandchildren do not take generally on the death of one of the three children, but the children of the deceased child take the portion of testator's estate from which their parent derived income.

3. The fact that one of the children of testator was a daughter and single, and that she might die without issue and without exercising the power, thus producing an intestacy, does not affect the construction of the will as stated.

Argued May 4, 1921. Appeal, No. 19, Jan. T., 1921, by Commonwealth Title Ins. & Trust Co., Guardian of Sara, Percy and Harry Neel, minor children of Bessie Clair Shoch Neel, from decree of O. C. Phila. Co., April T., 1918, No. 636, dismissing exceptions to adjudication, in estate of Henry R. Shoch, deceased. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before HENDERSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Commonwealth Title Insurance & Trust Co., guardian of Sara P. Neel et al., appealed.

*Error assigned,* among others, was decree, quoting it.

*Ira Jewell Williams,* for appellant.

*Edgar S. McKaig,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, July 1, 1921:

Henry R. Shoch died February 10, 1917; by his will, dated November 16, 1916, he divided part of his residuary estate into three portions, for the benefit of his three children during their respective lives, and conferred upon each of these children, namely, James R. Shoch, Nettie A. Shoch, and Bessie Clair Shoch Neel, a testamentary power of disposition over his or her particular portion, providing that, "in default of such appointment, then the said part and proportion of the principal of my residuary estate from which said deceased child had been paid the income during his or her life shall be paid, transferred and conveyed unto such of my grandchildren who shall then [at the death of the child] be alive, absolutely and per stirpes."

James R. Shoch died January 7, 1918, leaving one child, a minor son, James R. Shoch, Jr., for whom Stephen J. Simon was subsequently appointed guardian.

Nettie A. Shoch was a single woman when her father made his will, and remains such. Bessie Clair Shoch Neel, the wife of Percy L. Neel, had three minor children at the date of her father's will, who still live, namely, Sara, Percy and Harry, of whom the Commonwealth Title & Trust Company is guardian.

On the adjudication of the account of the surviving executor of Henry R. Shoch, deceased, a controversy arose over the ownership of that share of the residuary estate from which his son, James R. Shoch, deceased, had received the income, and the Orphans' Court of Philadelphia County, passing on the meaning of decedent's will, construed the word "grandchildren," as used in the above-quoted devise, to mean only the children of the child who had power of appointment over the particular fund before the court. The property in question was awarded to the guardian of James R. Shoch, Jr., to the exclusion of the Neel grandchildren, and the guardian of the latter has appealed.

In another opinion filed this day, on the appeal of Germaine S. Shoch Lentz, the widow of James R. Shoch, deceased (the preceding case), we held that her husband had died intestate, so far as the interest of his son James R. Shoch, Jr., is concerned, and that the court below did not err in making the award to the latter's guardian; we there said, however, that the part of Henry R. Shoch's will above quoted, so far as the meaning of the word "grandchildren" was involved, would be more particularly considered on the present appeal.

Appellant contends that its three wards, the minor children of Bessie Clair Shoch Neel, should share with James R. Shoch, Jr., the portion of the estate from which the latter's father had drawn income during his life. In deciding otherwise, the court below said, inter alia: "It is elementary that a gift per stirpes is prima facie a gift to a group whose ancestor is dead, and they take in his right; this clause really means that the third should go to 'such of my grandchildren' as are the children of this stock, and, read in this way, we find an interpretation breathing equality, without the necessity of discarding some of the words used by testator."

We agree with the court below that Henry R. Shoch intended the children of each child of his, who might die intestate, to take their parent's share absolutely, and that he used the term "per-stirpes" in the sense indicated by that tribunal.

Anderson's Law Dictionary (p. 765) states "per stirpes" to mean "taking by representation—opposed to per capita"; but, the Neel children could not take as representing their mother, for she is still alive. The only two cases cited on the subject in Words and Phrases (vol. 6, 1st ed., 5286, and vol. 3, 2d ed., 955, respectively) sustain the meaning ascribed to per stirpes by the court below. Thus: "When issue are said to take per stirpes it is meant that the descendants of a deceased person take the property to which he was entitled or would have been entitled if living," citing Rotmanskey v. Heiss, 39 Atl. 415, 86 Md. 633; and "The expression 'per stirpes'

means to take by stock or through a common source, and, when applied to estates, signifies that the particular descendants shall take among themselves the share of their deceased parent," citing Parrish v. Mills (Tex.), 102 S. W. 184, 188. Moreover, in the only two other portions of his will where Henry R. Shoch employs the phrase "per stirpes," he uses it to convey the meaning that grandchildren shall represent their deceased ancestor; and, when this sense is given that phrase in the present portion of the will, it serves to maintain the scheme of equality of distribution between testator's three children which the document as a whole indicates testator desired.

Appellant urges, against the construction we have adopted, that testator's daughter, Nettie, is single, and unless she marries and leaves issue, or exercises her power of appointment, this interpretation will produce an intestacy. The opinion of the court below, disposing of the contention just referred to, well says: "While this is true [that an intestacy may result], it is the lesser of the evils presented, and we have authority for so holding. In 2 Jarman on Wills (6th Eng. ed.), 1714, it is said: 'Accordingly, where property is given to A, B and C for their lives, as tenants in common, and "afterwards," or "at their death," it is given to their children in equal shares, this is generally construed to mean that "at their deaths" it is to go to their respective children; that is, the division is per stirpes.' In a footnote, Jarman adds: 'On the other hand, it must be remembered that, if the stirpital construction is adopted, and one of the tenants for life dies without issue, there may be an intestacy as to his share, [but] this is not allowed to affect the construction'" citing, in support of the foregoing principle, Campbell's Trusts, 33 Ch. D. 98, 101.

The questions here presented are not free from difficulty; but, after seriously considering the able argument of counsel for appellant, we are not convinced of error.

The decree of the court below is affirmed, the costs to be paid out of the fund in controversy.