## No. 12,455.

BRUNTON ET AL. *v.* INTERNATIONAL TRUST COMPANY ET AL.
BRUNTON ET AL. *v.* BRUNTON ET AL.

(6 P. [2d] 460)

Decided December 7, 1931.

Mr. MAX D. MELVILLE, for plaintiffs in error.

Messrs. HUGHES & DORSEY, Mr. MONTGOMERY DORSEY, Messrs. DINES, DINES & HOLME, Mr. J. CHURCHILL OWEN, Mr. LAWRENCE LEWIS, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE question here presented is the correct interpretation of the word "lines" as used in two trust indentures which provide for the payment of income. To review a judgment of the trial court excluding grandchildren from

participation during the lifetime of their parents this writ is prosecuted.

David W. and Katharine K. Brunton were husband and wife. They are hereinafter referred to as the father and mother. They had four children, Frederic K., Harold J., Marion B. and John D., who are hereinafter referred to as the children. The first three each had two children, hereinafter referred to as the grandchildren.

In 1923 the father and Harold, Frederic and Marion created what is hereinafter called the International trust. Its indenture gave forty per cent of the net income to the mother and directed that upon her death it ''shall be paid by the trustee to the *lines* of Frederic K. Brunton, John D. Brunton, Harold J. Brunton and Marion B. Shanklin (said children) respectively, share and share alike, or the survivors or survivor thereof.''

In 1927 the mother created what is hereinafter called the United States trust. Its indenture directed that, after her death, fifty per cent of the income should be distributed exactly as the forty per cent of the income of the International trust.

The father died four months, and the mother five months, after the creation of the United States trust. Thereafter these suits were brought by some of the children to secure a judicial interpretation of the questioned provisions of the indentures. The two cases were consolidated for trial below and stand so here, since each presents but one and the same question.

The trial court held that as to said forty and fifty per cent of income, respectively, a grandchild took nothing during the parent's life. The grandchildren, all minors and appearing by guardian ad litem, are plaintiffs in error. Their position is that they participate in this income during the lifetime of their parents.

Article IV of each indenture provides that ''the *line* of Frederic K. Brunton * * * shall include the said Frederic K. Brunton and his lawful issue of every degree,'' and the same as to each of said children, and that ''the

lawful issue of every degree of each *line* shall take per stirpes and not per capita.'' Parol evidence was received, over objection, to show the intention of the donors in creating the trusts. It clearly upheld the trial court's interpretation. The view we take of the question obviates the necessity of passing upon said objection.

■ ■ In our opinion the last quoted provision of each indenture settles the question here presented. ''Legal terms are to be given their legal meaning unless obviously used in a different sense.'' *Weinreich Est. Co. v. A. J. Johnston Co.*, 28 Cal. App. 144, 151 Pac. 667. ''Per stirpes'' is such a term. It means ''by right of representation'' and refers to the rule by which representatives (for instance children) take the share which would otherwise go to those, if living, in whose places they stand (i. e. parents). Bouvier's Law Dictionary, Rawles Third Revision Vol. 3, p. 2558; 48 C. J. 808.

■ It is admitted in the reply brief that in every English and American case where the term ''per stirpes'' was used as here, it has been held that ''the progeny may not share concurrently with the progenitor.'' See 16 A. L. R., pp. 15 to 152; also, more particularly, *Lycett v. Thomas*, 153 Md. 443, 138 Atl. 225; *Shoch's Estate*, 271 Pa. St. 165, 114 Atl. 505; *In re Farmers' Loan & T. Co.*, 213 N. Y. 168, 107 N. E. 340; *Gourdin v. Deas*, 27 S. C. 479, 4 S. E. 64.

It is said, however, that it is possible to so construe these indentures as to entitle descendants of the first degree (the grandchildren) of any ''line'' to share with the living parents (children). We do not feel called upon to review the argument made in support of this theory since it seems to us strained and unnatural and no authorities to maintain it are cited.

We think the questioned portion of the indentures are definite and unequivocal and the instruments require no reformation.

The judgment is affirmed.