VILLAGE OF SUN PRAIRIE, Respondent, vs. WISCONSIN POWER & LIGHT COMPANY, Appellant.

*November 7—December 5, 1933.*

For the appellant there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *Wm. Ryan.*

For the respondent there was a brief by *Field & Field,* attorneys, and *Hill, Beckwith & Harrington* of counsel, all of Madison, and oral argument by *D. V. W. Beckwith.*

FOWLER, J. The appeal is from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint states that in 1919 the village owned and operated a distribution system for furnishing electric current to the inhabitants of the village for light and power and in that year entered into a contract with the Badger Electric Service Company for compensation fixed by the contract to furnish electric current to the village for the operation of its distribution system for the period of twenty years, and the village was by the contract obligated to take from the Badger Company all current required for that purpose; that the defendant acquired the ownership of said company and succeeded to its rights and obligations under

said contract; and that the said contract is void for want of power of the village to contract for the purchase of current to supply its patrons and for the reason that it covers an unreasonably long period. It is further alleged that in 1927 the parties modified the contract; that the modified contract is in effect a new contract; and that it is void for want of power of the village to make it and because it covers a period of twelve years contrary to a statute enacted since the original contract was executed. Copies of the two contracts are attached to the complaint. The prayer of the complaint is that the contracts be declared void.

The above constitutes the whole picture portrayed by the complaint. There is no allegation that any controversy exists between the parties. No facts are stated showing that a controversy exists or any reason for invoking the jurisdiction of the court.

It is fundamental that—

"Courts will not . . . act in a mere advisory capacity or take cognizance of questions that may never arise or permit resort to the (Declaratory Judgments) statute until an actual controversy has arisen under an existing state of facts." *Heller v. Shapiro,* 208 Wis. 310, 316, 242 N. W. 174.

"Where a pleading is silent regarding a material fact, the presumptions are against the pleader, and no intendment can be made in his favor. Thus a material fact if not alleged is presumed not to exist." 49 Corp. Jur. p. 120, citing a multitude of cases.

That facts necessary to invoke the jurisdiction of the court are "material" goes without saying.

As facts sufficient to invoke the jurisdiction of the court are not stated in the complaint, we will not consider whether if they were the contracts mentioned would be voidable at the election of the plaintiff. Without a statement of such facts in the complaint that question is moot. And courts will not pass upon moot questions.

We direct attention to absence of allegation in the complaint that the commencement of the action was directed or authorized by the village board. Sec. 61.34 (6), Stats. It would seem that such fact should appear in order to warrant judgment for the plaintiff. *Chippewa Falls v. Hopkins,* 109 Wis. 611, 614, 85 N. W. 553; *State ex rel. Geneva School Dist. v. Mitchell,* 210 Wis. 381, 245 N. W. 640. But whether this be so or whether if so the objection is raised by demurrer or should be raised by answer we do not consider, as the point is not mentioned in the briefs.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.