No. 12,792.

BRUNTON ET AL. *v.* INTERNATIONAL TRUST COMPANY, TRUS-
TEE ET AL.

(47 P. [2d] 394)

Decided May 6, 1935.   Rehearing denied July 1, 1935.

Mr. LAWRENCE LEWIS, Mr. RICHARD C. PALMER, Mr. FRANCIS J. KNAUSS, for plaintiffs in error.

Messrs. PERSHING, NYE, TALLMADGE, BOSWORTH & DICK, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is a suit concerning what is described as the Brunton Trust.   It was created by indenture of date July 1, 1923, by David William Brunton, Frederic K. Brunton, Harold J. Brunton and Marion B. Shanklin.   Its significant features, so far as this discussion requires, will be noticed hereinafter.   The purpose of the suit, as appears from the prayer of the complaint, was to procure "a decree interpreting and construing the language of said

trust indenture, * * *'' or "a decree * * * correcting, modifying and reforming said trust indenture, * * *.'' Actually, the sole question presented is, Is an adopted child of a beneficiary of the trust to be considered the *lawful issue* of the beneficiary within the meaning of the italicized words as used in the indenture?

The immediate beneficiaries named in the trust are Frederic K. Brunton, John D. Brunton, Harold J. Brunton and Marion B. Shanklin, sons and daughter of David William Brunton. The income is to be distributed to "the lines" of the named beneficiaries, and that expression is, with respect to John D. Brunton, for example, in this language: "* * * the line of John D. Brunton * * * shall consist of and shall include the said John D. Brunton and his lawful issue of every degree * * *.'' The trust is to "continue during the natural lives of the founders and during the natural lives of the survivors and survivor of the founders, during the natural lives of Frederic K. Brunton, Jr., and Virginia Brunton, the children of said Frederic K. Brunton, of Barbara Brunton, David William Brunton, 2nd, and Beverley Brunton, the children of Harold J. Brunton, and of Dickinson Brunton Shanklin, child of Marion B. Shanklin, living at the date of this indenture, and during the natural lives of the survivors or survivor of all of said children, and for and during the further period of twenty-one years next ensuing after the death of the survivor of all of said children, but no longer.'' Upon the death of the last survivor of said children the principal is to be distributed "to the beneficiaries then entitled to receive the same,'' which is to say the survivor or survivors of the several lines. And "The lawful issue of every degree of each line shall take *per stirpes* and not *per capita.*

The specific question presented by this record is raised by Carville Joseph Brunton, a minor, who sued by John D. Brunton, his next friend. A number of the plaintiffs in error, defendants below, namely, Frederic K. Brunton, Jr., Virginia Brunton, Barbara Brunton, David W.

Brunton, 2nd., Dickinson Brunton Barker and Terry Barker, are also minors. Carville Joseph Brunton is the adopted son of John D. Brunton. The gist of the purported dispute is alleged in the complaint as follows:

"13. Plaintiffs are informed and believe, and therefore upon information and belief allege that defendants, or some one or more of them, contend that the said Carville Joseph Brunton, son of John D. Brunton by adoption, does not come within the terms and provisions of said trust indenture created by David William Brunton on the first day of July, A. D. 1923; * * *."

Thus it will be seen that the contention of Carville Joseph Brunton is that he should be considered as of the line of John D. Brunton and as the lawful issue of John D. Brunton. The majority of the lines of the children of David William Brunton other than John D. Brunton resisted this position and assert the contrary to be the true meaning of the indenture.

While this suit was pending here, but before it was at issue, *Brunton v. International Trust Co.,* 90 Colo. 48, 6 P. (2d) 460, was decided. That case involved the same trust. We there decided that the term per stirpes was employed in the indenture in its usual legal significance and that the children of David William Brunton's children are not entitled to share and cannot share in the trust concurrently with their respective progenitors.

The judgment in that case is conclusive here. It is plain that the question presented by this record is abstract and hypothetical. Whatever the expression lawful issue may mean as to Carville Joseph Brunton, he has no present interest in the trust. What his interest may be if he survives John D. Brunton we do not determine. Reduced to terms, the parties have not presented an actual controversy, or sought to have a right declared, but have asked that the courts render an opinion upon a hypothesis which may never arise. While the case is not the usual one, with which our reports are replete, of the intervention during the pendency of a writ of error of

some fact which renders the action moot, there is no distinction in principle. 3 C. J. 357, §112. The lower court should not have entertained the suit and should have sustained the defendant's demurrer upon the ground that the complaint failed to state facts sufficient to afford the relief prayed for or any relief. Courts are not constituted to render advisory opinions to private litigants, and will not adjudicate issues ''not founded in a state of possibility'' or issues framed upon facts which may never occur. *Spraggins v. Houghton,* 3 Ill. 211.

The judgment should be reversed, with directions to dismiss the suit. Let it be so ordered.

MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG not participating.