City of Milwaukee and another, Appellants, vs. Milwaukee County and another, Respondents.*

*March 6—April 5, 1950.*

* Motion for rehearing denied, with $25 costs, on June 6, 1950.

582

For the appellants there were briefs by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and *Brooke Tibbs* of Milwaukee of counsel (for John W. Polcyn), and oral argument by *Mr. Tibbs* and *Mr. Maruszewski.*

For the respondents there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, *William J. McCauley,* district attorney, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *Mr. Honeck.*

FRITZ, C. J.    As stated in Judge AARONS' decision: ·

"The facts pleaded in the complaint disclose that the actual controversy in October, 1946, was the one upon which the city attorney advised the chief of police when the latter inquired whether he was obliged to direct city police officers to serve as such in aid of the sheriff in West Allis.  The city attorney's advice was 'that the city police department had no legal obligation or authority as a city police force to respond to a request of said sheriff for service outside of the city of Milwaukee, and (the chief of police) informed said sheriff that such was the position of said chief.'  This is followed by allegations as to the serving of the notices by the sheriff (in the form of Exhibit B).  Apparently the notices were complied with, for the complaint speaks of the action of the

sheriff as having 'disrupted and interfered with, and threatened to further disrupt and interfere with, the proper functioning of the Milwaukee police department and the performance of its legal duties.'

"Consideration should here be given as to whether the solution of the question pertaining to the actual controversy—which was the subject of the city attorney's opinion to the chief of police—requires a determination by declaratory judgment of the question of constitutionality of section 346.38 as propounded in the complaint—and as argued in the briefs.

"It is well-established doctrine that courts will not needlessly pass upon the constitutionality of a statute.

"There are also a number of recognized rules which are applicable to and which limit the use of the declaratory judgment procedure.

"Under the Declaratory Judgments Act (sec. 269:56) the court's declaration has the 'force and effect of a final judgment or decree' (sub. (1)). A declaration as here prayed for would be binding only upon the parties. The rights of persons not parties to the proceeding may not be prejudiced (sub. (11)). Nevertheless such a declaration would be likely to create uncertainty as to the rights of an unascertainable number of officers and citizens who are not parties to this action. The statute justifies a declaration of rights only upon an existing state of facts.

"The court may not give advisory opinions nor pass upon uncertain or contingent situations. Sub. (6) of the act gives the court discretionary power to refuse to render a decree where it 'would not terminate the uncertainty or controversy giving rise to the proceeding.' As was stated in *Heller v. Shapiro,* 208 Wis. 310, 314 . . . : 'Courts have a wide discretion which should be exercised with utmost caution.' See *Miller v. Currie,* 208 Wis. 199, 204; *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 23, 24; . . . 16 Am. Jur., . . . p. 287, sec. 14. . . ."

Judge AARONS concluded:

"It is thus apparent that a declaration by the court as prayed for,—which is given the force and effect of a final judgment or decree (269.56 (1))—should be withheld under

the discretionary power provided for in the statute (269.56 (6)) since such declaratory judgment 'would not terminate the uncertainty or controversy giving rise to the proceeding,' nor would it be of any practical help in ending the controversy. A declaration of the validity or invalidity of the criminal statute would not reach the nub of the actual controversy. Nor is it contemplated by the declaratory-judgment statute that the court should attempt to cover by its declaration, a variety of circumstances under which one might or might not be found guilty of a violation of sec. 346.38. No declaration of a court can to any degree of certainty define the scope and effect of the statute in question. Even by consent of counsel the court may not thus rule on the validity of the statute under such circumstances. If it is deemed wise in the interest of the public that limitations should be imposed upon the power of the sheriff to summon the members of the police department of the city, and that their status in relation to each other be defined, the matter is one to be dealt with by the legislative branch of the government and not by the courts."

The reasons thus stated fully warranted the denial of plaintiffs' motion for summary judgment. Their motion on November 13, 1947, for such judgment was not made until twelve months after Sheriff Hanley made his demand on the chief of police on October 28, 1946, and several months prior to the hearing on that motion Hanley's term of office as sheriff had terminated, and there did not exist a justiciable controversy, because of which the plaintiffs seeking declaratory relief were still entitled to a judicial determination. Consequently, the case had become moot and there was applicable the rule established in this state that ordinarily courts act only to determine actual existing controversies and not merely to announce abstract principles of law.

As we stated in *State ex rel. La Follette v. Kohler*, 202 Wis. 352, 353, 232 N. W. 842,—

"It is apparent upon a consideration of the record that this case cannot be determined and a final judgment entered until after the term of office of the defendant has expired by limita-

tion of law even if the motion were granted. It is held that under such circumstances the case becomes moot. Ordinarily courts act only to determine actual existing controversies and not merely to announce abstract principles of law." *Sun Prairie v. Wisconsin Power & Light Co.* 213 Wis. 277, 279, 251 N. W. 605.

As stated in *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 22–24, 264 N. W. 627,—

"In the absence of constitutional provisions so requiring, courts will not render merely advisory opinions, even though such opinions be requested by co-ordinate branches of the government. The act [sec. 269.56, Stats.] specifically provides that 'the enumeration of subsections (2), (3), and (4) does not limit or restrict the exercise of the general powers conferred in subsection (1) in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty,' sec. 269.56 (5), Stats., and that 'the court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.' Sec. 269.56 (6), Stats. . . .

"The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to rights has happened, or, in other words, until rights have become fixed under an existing state of facts. *Miller v. Currie,* 208 Wis. 199, 242 N. W. 570; *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174. Would a judgment now rendered terminate the uncertainty or controversy? It is our opinion that, even if we were willing to depart from the established law, and, as a matter of courtesy to the plaintiff, state fully our opinion as to the merits of the difference of opinion that exists between the plaintiff and the defendant, any declaratory judgment that we might render would not terminate the uncertainty or controversy. . . . Any declaratory judgment that we might now render would in no real sense be binding either upon those who may hereafter be appointed to office, or upon the present occupants thereof. That circumstance alone is sufficient to cause us to refrain from rendering a declaratory judgment at the present time,

since the rights of the very persons whose protectible interests are sought to be affected by the requested declaratory judgment would not be prejudiced thereby, sec. 269.56 (11), Stats., and the uncertainty or controversy so-called, which gave rise to this proceeding, would not be terminated, sec. 269.56 (6), Stats. [Citations.]

"Because the plaintiff's complaint does not state facts which warrant the rendering of a declaratory judgment, and because the uncertainty or controversy would not be terminated, we are impelled to the conclusion that any opinion which we might presently express would be merely advisory."

In view of the rules and reasons stated above, the order denying the plaintiffs' motion for summary judgment must be affirmed.

*By the Court.*—Order affirmed.