VOIGHT, Respondent, vs. WALTERS and wife, Appellants.

*October 7—November 5, 1952.*

The cause was submitted for the appellants on the brief of *Eberlein & Eberlein* of Wausau, and *Lehner & Lehner* and *Adolph P. Lehner,* all of Oconto Falls, and for the respondent on the brief of *Krueger & Fulmer* of Wausau.

MARTIN, J. This is not a proper case for declaratory judgment. Any opinion given in the present action would be advisory only, and probably of no avail. There is no allegation in the complaint that a decision is necessary in order to guide the plaintiff or that she will be guided by any such decision.

Sec. 269.56, Stats., so far as material, reads:

"(2) Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined *any question of construction or validity* arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. No party shall be denied the right to have declared the validity of any statute or municipal ordinance by virtue of the fact that he holds a license or permit under such statutes or ordinances.

"(3) A contract may be construed either before or after there has been a breach thereof."

Referring to sec. 269.56, Stats., in *Skowron v. Skowron* (1951), 259 Wis. 17, 19, 47 N. W. (2d) 326, this court said:

"Read literally, the subsections (2) and (3) thereof seem to require courts to give advisory opinions in any question concerning a contract, but before the law was enacted in Wisconsin other states had enacted and construed it, as the Uniform Declaratory Judgments Act, which constructions come with it into our own jurisprudence. Since its enactment in this state in 1927, this court also has often construed it and it is well settled that the act does not compel or permit the courts to give advisory opinions and they properly refuse judgments unless the pleadings present a justiciable controversy ripe for judicial determination. The statute deals with present rights only. Courts will not declare rights until they have become fixed under an existing state of facts nor will they determine future rights in anticipation of an event that may never happen. *Heller v. Shapiro* (1932), 208 Wis. 310, 242 N. W. 174; *Sun Prairie v. Wisconsin Power & Light Co.* (1933), 213 Wis. 277, 251 N. W. 605."

In 9 U. L. A., Uniform Declaratory Judgments Act, p. 257, sec. 1, note 53, it is stated:

"Courts are not constituted to render advisory opinions to private litigants and will not adjudicate issues not founded on a state of possibility or issues proved on facts which may never occur. *Brunton v. International Trust Co.* 1935, 47 Pac. (2d) 394, 97 Colo. 49. See also *Schoenbrun v. Nettrour,* 1948, 61 A. (2d) 868, 360 Pa. 474; *Mainella v. Board of Trustees of Policemen's Pension or Relief Fund of City of Fairmont,* 1943, 27 S. E. (2d) 486, 126 W. Va. 183. . . .

"This act does not require a court to give a purely advisory opinion which the parties might keep for future use to be used if and when the occasion might arise. *Town of Tryon v. Duke Power Co.* 1943, 22 S. E. (2d) 450, 222 N. C. 200.

"This act does not intend that courts should issue advisory opinions on hypothetical facts or on some possible future

transaction. *Tietjens v. City of St. Louis,* 1949, 222 S. W. (2d) 70, 359 Mo. 439."

*By the Court.*—Order reversed and cause remanded with directions to enter an order sustaining the demurrer.