CLINTON HOUSING AUTHORITY *vs.* FINANCE COMMITTEE OF CLINTON.

Worcester.    September 22, 1952. — December 1, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Moot Question. Declaratory Judgment. Equity Jurisdiction*, Declaratory relief. *Housing. Municipal Corporations*, Officers and agents.

A controversy as to whether or not the finance committee of a town had a right under its by-laws to demand that a housing authority established in the town furnish the committee with certain of the authority's documents for inspection in connection with a request by the authority that the town make an appropriation for a housing project became moot upon the committee's disapproval of the requested appropriation following a refusal of the authority to furnish the documents; and where that controversy was the only one alleged in a subsequent bill in equity for declaratory relief under G. L. (Ter. Ed.) c. 231A by the authority against the committee and the bill did not disclose that such controversy would be revived, a demurrer to the bill was properly sustained on the ground that it did not show that there was an "actual controversy" between the parties. [498–499]

A local housing authority organized under the housing authority law is
not an office or department of the town where it is located and is
not subject to a by-law of the town requiring that the documents and
records of its offices and departments be open to inspection by the
finance committee. [497, 499]

BILL IN EQUITY, filed in the Superior Court on October
18, 1951.

A demurrer of the defendant was heard and sustained by
*Fairhurst,* J.

*Daniel J. Culliton,* for the plaintiff.

No argument nor brief for the defendant.

WILLIAMS, J. This is a bill in equity under G. L. (Ter.
Ed.) c. 231A for a declaratory decree. The plaintiff ap-
pealed from a final decree dismissing the bill after an in-
terlocutory decree had been entered sustaining the de-
fendants' demurrer. Although no appeal was taken from
the interlocutory decree its correctness is open for our
consideration upon the appeal from the final decree. *Car-
son* v. *Gikas,* 321 Mass. 468, 469.

The allegations of the bill are as follows. The plaintiff is
a corporation organized under St. 1938, c. 484, § 1, as
amended. The defendants are members of the finance com-
mittee of the town of Clinton. The plaintiff on its applica-
tion has obtained the approval of the Federal Public Housing
Administration and the State housing board for a 100-unit
housing project to be built in Clinton. In June, 1951, it
"requested" that the town appropriate at a special town
meeting $22,000 for sewer, water, and highway construc-
tion necessary for the proposed project site. This request
was submitted to the defendants as members of the finance
committee for their consideration. They "called upon"
the plaintiff to furnish the original applications for housing
accommodations which had been filed with it by persons
desiring and needing accommodations and were in its files
and records. The plaintiff refused to furnish these applica-
tions to the defendants. Thereafter the defendants on
July 20, 1951, published in a local newspaper a statement
expressing their disapproval of the requested appropria-

tions with their reasons for the disapproval. A copy of this published statement is annexed to the bill. The by-laws of the town provide for a finance committee of six to be appointed by the moderator. The committee is empowered to "consider matters relating to the appropriation, the borrowing and the expenditure of money by the town . . . and may make recommendations to the town or to any town board, officer or committee, relative to such matters." It may "investigate the books, accounts, records or management of any office or department of the town . . . . Said books, accounts and records shall be open to the inspection of the committee or any person employed by it. All officers and committees of the town, either appointive or elective, shall furnish to the finance committee, upon request, information of any kind relating to such office, department or committee, and shall, upon request, submit to the inspection of the finance committee or its duly authorized agents, all books, accounts, documents, correspondence and records of such office, department or committee." "Requests by town boards, officers or committees for the insertion of articles in warrants for special town meetings, which requests involve the expenditure or appropriation of money, shall be presented in the first instance to the finance committee. The finance committee, after due consideration . . . shall approve or disapprove, in whole or in part, the expenditure or appropriation involved, and shall so notify the board, officer or committee which submitted the request for the article, and also the board of selectmen, with such recommendations or suggestions as the finance committee shall deem advisable. When an expenditure or appropriation is sought by the board of selectmen for a department or matter under the control of said board, any proposed article for such expenditure or appropriation must first be submitted to the finance committee for its approval or disapproval as herein provided."

The plaintiff does not contest the right of the defendants to disapprove the requested appropriation but contends that

their reasons for disapproving the appropriation are invalid. It prays, "1. That the court make a binding declaration and determination under c. 582 of the Acts of 1945, of the rights and status of the . . . [plaintiff] in respect to the matters alleged in the foregoing . . . [bill] and enter such decree as the court sees proper under the circumstances. 2. That the court make such orders as may be just and equitable." The defendants demurred on the following grounds: "1. That said bill does not state such a cause as entitles the . . . [plaintiff] to any relief in equity against these . . . [defendants]. 2. The nonjoinder of necessary parties. 3. The . . . [plaintiff] does not allege facts indicating that there is an actual controversy between the parties. 4. That the bill does not state briefly the material facts and circumstances which are relied on by the . . . [plaintiff] as required by law. 5. That the bill contains immaterial and irrelevant matters contrary to law in paragraphs 6, 7, 8 and 9. 6. That . . . [the plaintiff's] prayer, numbered 1, does not state concisely, intelligently, specifically or with substantial certainty the relief sought." The demurrer was sustained generally.

A binding declaration of right may be made on appropriate proceedings where an actual controversy has arisen and is specifically set forth in the pleadings. G. L. (Ter. Ed.) c. 231A, § 1. It is not alleged specifically in the bill that an actual controversy exists between the plaintiff and the defendants, but if the allegation of a demand by the defendants for an inspection of the applications filed with the plaintiff and the refusal by the plaintiff of such demand be a sufficient allegation of an actual controversy, it does not appear that such controversy continues to exist. See *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516, 518. The demand and refusal concerned a matter preliminary and incidental to the decision of the finance committee as to whether the requested appropriation should be approved or disapproved. The published statement of the committee shows that the committee disapproved the appropriation as of July 20, 1951.

The earlier controversy over the right of the committee to inspect the applications has, therefore, become moot. *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, ante,* 243, 247. *National Jockey Club* v. *Illinois Racing Commission,* 364 Ill. 630. *State* v. *Dammann,* 220 Wis. 17. *Milwaukee* v. *Milwaukee County,* 256 Wis. 580. See Anderson, Actions for Declaratory Judgments (2d ed.) § 74; Borchard, Declaratory Judgments (2d ed.) pages 81–84. Nothing is alleged in the bill which tends to indicate that the controversy will be revived. No other matter which can be termed a controversy is presented for decision by the bill. Without considering the other grounds of demurrer we think that it was properly sustained on the ground numbered 3.

We may add that this court held in *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 419, that an authority, such as is the plaintiff, "although organized by and in each city and town in coöperation with the State, is nevertheless, when organized, a complete corporate entity in itself, distinct from the municipal corporation within whose territory it is set up, and exercising its powers in its own independent right." See *Allydon Realty Corp.* v. *Holyoke Housing Authority,* 304 Mass. 288; *Collins* v. *Selectmen of Brookline,* 325 Mass. 562, 567. The housing authority is not the agent or a department of the town of Clinton. Its members doubtless are public officers but are not officers of the town. The members of the finance committee, therefore, cannot compel production of the documents and records of the authority.

*Interlocutory and final decrees affirmed.*